UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Docket No. Criminal 23-160(04)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | DEFENDANT KEON PRUITT'S |
| | ) | MEMORANDUM OF LAW IN |
| vs. | ) | SUPPORT OF HIS WAIVER OF |
| | ) | IADA AND MOTION TO RETURN |
| KEON PRUITT, | ) | TO STATE CUSTODY |
| Defendant. | ) | |

\*      \*      \*

The Court has set a hearing (Docket 293) for 24 May 2023 on Defendant's and codefendants' waivers of the Interstate Agreement on Disposition of Detainers (IADA) and motions to return to state custody. (Docket 184). Defendant and counsel request that they be permitted to participate in the hearing remotely *via* Zoom as defense counsel is in California with his entire extended family participating in the celebration of his grandson's graduation from high school and defendant is currently in pretrial detention in the Sherburne County Jail.

Defendant requests that he be returned to state custody at the Minnesota Correctional Facility – St. Cloud where he is serving a state-court sentence of 405 months on a Minnesota (Hennepin County) Murder in the Second Degree conviction. His current release date is 8 April 2044.

Keeping Defendant in federal custody will severely impact the conditions of his incarceration. As noted, Defendant is already serving a severe state-court sentence for the conduct that is the substantial basis for the instant federal racketeering charge. In that context, this entire prosecution of him is superfluous. But, that aside, it seems gratuitously cruel to increase the harshness of his incarceration with administrative segregation, termination of his participation in

programming, and denial of his planned transfer to the Minnesota Correctional Facility – Stillwater.

At his indictment, Defendant was poised to start chemical dependency treatment for opiate use, begin parenting classes, tutor fellow inmates in reading classes, be transferred to more comfortable accommodations at Stillwater because of the length of his sentence, and continue psychological therapy and medication. At this writing he has been transferred to administrative segregation with none of the above, even though there is apparently no "keep-separate" request in effect. Were he to be returned to state custody, he could also work and earn a modest amount of money to use for hygiene, clothing, shoes, and socks.

## CONCLUSION

Based on the foregoing the Court should permit counsel and defendant to participate in the hearing remotely *via* Zoom and order that Defendant be returned to State custody in accordance with his request therefor and his waiver of the IADA. (Docket 184).

Dated: 22 May 2023                          Respectfully submitted,

JOHN C. BRINK, LAWYER


s/John C. Brink
John C. Brink
A.R. #11587
3730 Edmund Boulevard
Minneapolis, Minnesota 55406
Cellular:       612-382-6789
E-mail:  johncharlesbrink@gmail.com


ATTORNEY FOR DEFENDANT