# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>v.<br><br>Dantrell Johnson (2),<br><br>            Defendant. | Case. No. 23-cr-160 (NEB/JFD)<br><br>**ORDER** |

      A hearing is scheduled on Tuesday, June 6 at 10:00 AM in courtroom 6A in Saint Paul in anticipation of a motion to reconsider detention being filed by Mr. Johnson. However, as of today, June 1, no such motion has been filed. The procedural timeline is confusing, because the United States filed first, to oppose a motion by Mr. Johnson to reconsider detention (Dkt. No. 185). However, a review of the text of that opposition shows that the United States was acting preemptively against a motion under the Interstate Agreement on Detainers ("IAD") Act that it anticipated Mr. Johnson would be filing. Mr. Johnson then replied to that opposition (putting himself in the unusual procedural posture of replying to an opposition to a motion that he had not filed (Dkt. No. 254)). Mr. Johnson's reply, however, is still couched in the language of the IAD, which the parties and the Court now know has no applicability to this case, as no detainers have been filed against Mr. Johnson.

      The Court also asked to be provided with some information in advance of these hearings – from the defense, an actual motion (not the IAD motion previously filed, but a

motion that is adapted to the discovery that there are actually no detainers in place in this case) and factual information about Mr. Johnson's programming through the Minnesota Department of Corrections; from the United States, their views on the legal question of what role the fact that Mr. Johnson is serving a custodial state sentence has on the detention calculus under the Bail Reform Act.  None of this information has been filed, although it was called for under the briefing order (Dkt. No. 304) applicable to motions to reconsider detention brought by defendants in this multi-defendant case who seek to return to state custody. The defense was to file six days before the hearing, and the United States three days before the hearing – a timeline which it is now mathematically impossible to meet.

      The Court will proceed with the hearing as scheduled so long as the defense files its motion by close of business on Thursday, June 1, its programming information by close of business on Friday, June 2 and the United States files its response by close of business on Monday, June 5. The Court finds that it is more important from a litigation management perspective to get the issue of detention resolved than it is to strictly follow the timetable in the briefing schedule. The Court will reschedule the hearing if one of two reasons presents itself: First, if either counsel thinks they would be handicapped by pressing forward on this ambitious schedule, the Court will reset the hearing. Second, if material is not received on the abbreviated schedule set forth in this paragraph, the Court will reset the hearing. Finally, this accommodation shall not be considered precedential for future hearings on detention for those defendants in this case who are serving state sentences – the Court will remain at liberty to cancel or reschedule future hearings on the grounds the briefing schedule was not

adhered to – and the Court is likely to do so in future reconsideration-of-detention motions if shortening the briefing schedule in Mr. Johnson's case causes difficulties in Tuesday's hearing.

Dated: June 1, 2023  *s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge