IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
Criminal No. 23-160 (NEB)

UNITED STATES OF AMERICA

v.

DOUGLAS MOBLEY (8),
   a.k.a. Nut



## INFORMATION

### COUNT ONE
**Racketeer Influenced and Corrupt Organizations (RICO) Conspiracy
(Violation of 18 U.S.C. § 1962(d))**

The Enterprise

1.     At all times relevant to this Information, the defendant, **Douglas Mobley, a.k.a. Nut ("Mobley")**, and others known and unknown to the United States Attorney, were each members and associates of a criminal organization, namely, the "**Highs**," (hereinafter, "The Enterprise" or "the Highs"), which was engaged in, among other things, acts of violence to include murder, assault, robbery as well as drug distribution and firearms trafficking.  At all times relevant to this Information, the Highs operated in the District of Minnesota, and elsewhere.

2.     The Highs, including its leadership, membership, and associates, constituted an "enterprise," as defined by 18 U.S.C. § 1961(4), that is, a group of individuals associated in fact.  The Highs constituted an ongoing organization whose members functioned as a

Information—Page 1

continuing unit for a common purpose of achieving the objectives of the Enterprise. The Highs were engaged in, and its activities affected, interstate and foreign commerce.

Structure of the Enterprise

3.    The structure and operation of the Highs included, but were not limited to, the following:

    a.  The Highs have been in existence in Minneapolis since approximately 2008, and were primarily active in the northside of Minneapolis.

    b.  Prospective Highs members proved their loyalty to the gang by "putting in work"; that is, by committing acts of violence for the benefit of the gang or offering another benefit to the gang such as, for example, introducing a source for drugs or firearms. Highs members may be expelled from the gang for failing to "put in work." Highs members who are expelled from the gang may get physically assaulted as part of the exit process.

    c.  The Highs had leaders or "shot callers." The shot callers determined the quantity of illegal drugs that other members would receive to sell or re-sell and the locations where particular Highs members were permitted to sell drugs. The shot callers sometimes took the lead in obtaining and distributing firearms to Highs members.

    d.  Highs members used common phrases on social media to publicly identify themselves with the Enterprise. Highs members commonly posted "030" on social media, referring to the intersection 30th Avenue North and Colfax

Avenue North, and "2300," referring to a Highs' hangout near 23rd Avenue North and 4th Street North.

e. Highs members often disrespected and mocked deceased rival gang members in social media posts. Conversely, Highs members commonly paid tribute to deceased or incarcerated Highs members publicly on social media and by wearing clothing and sporting tattoos that pay tribute to deceased Highs members.

f. Highs members used common hand signs meant to signify a particular Highs sect, pay tribute to deceased gang members, or taunt and disrespect rival gangs.

g. Within their territory, the Highs congregated at specific businesses and residences from which they controlled the area drug trade and dealt drugs, including fentanyl, cocaine, oxycodone hydrochloride, ecstasy ("MDMA"), and marijuana. These included, but were not limited to, the following: Merwin Liquors (700 West Broadway Avenue), Winner Gas (626 West Broadway Avenue), Walgreens (627 West Broadway Avenue), Boost Mobile (523 West Broadway Avenue), Autozone (501 West Broadway Avenue), Cub Foods (701 West Broadway Avenue), 4th Street Saloon (328 West Broadway Avenue), Wendy's (421 West Broadway Avenue), Taco Bell (425 West Broadway Avenue), and other businesses, all of which are located at or near the West Broadway Avenue and Lyndale Avenue North intersection in Minneapolis.

## Purposes of the Enterprise

4.      The purposes of the Enterprise included, but were not limited to, the following:

      a.  Enriching the leaders, members, and associates of the Enterprise through, among other things, robbery and illegal trafficking of controlled substances and firearms.

      b.  Preserving and protecting the power, territory, reputation, and profits of the Enterprise through threats, intimidation, violence, and destruction, including, but not limited to, acts involving murder, robbery, assault, and other acts of violence.

      c.  Promoting and enhancing the Enterprise and its members' and associates' activities.

      d.  Keeping victims in fear of the Enterprise and in fear of its leaders, members, and associates through threats of violence and actual violence.

      e.  Attacking and retaliating against rival gang members through acts of violence, including, but not limited to, murder, attempted murder, assault, and other acts of violence.

## Manner and Means of the Enterprise

5.      Among the manner and means by which the members and associates of the Enterprise agreed to conduct and participate in the conduct of the affairs of the Enterprise were the following:

Information—Page 4

a. Committing, conspiring to commit, attempting and threatening to commit acts of violence, including murder, robbery, and assault to protect the Enterprise's power, territory, and property.

b. Highs members and associates engaged in illegal activities under the protection of the Enterprise, including drug trafficking, weapons trafficking, and other illegal activities to generate income.

c. Acquiring, distributing, carrying, and using firearms in acts of violence, retaliation, and protection against rival gangs.

d. Employing and using gang-related terminology, symbols, phrases, and gestures to demonstrate affiliation with the gang.

e. Perpetuating the Enterprise and to maintain their power, members and associates of the Enterprise to commit acts involving murder and assault against individuals who posed a threat to the Enterprise, Highs members, or jeopardized its operations.

f. Prohibiting Enterprise members and associates from cooperating with law enforcement under threat of death.

<u>The Racketeering Conspiracy</u>

6.      Beginning in or about 2014, and continuing through on or about the date of this Information, both dates being approximate and inclusive, within the District of Minnesota, and elsewhere, the defendant, **Douglas Mobley, a.k.a. Nut ("Mobley")**, together and with other persons known and unknown to the United States Attorney, being persons employed by and associated with the Highs, which was engaged in and the

Information—Page 5

activities of which affected interstate and foreign commerce, knowingly and intentionally conspired to violate 18 U.S.C. § 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of that Enterprise through a pattern of racketeering activity consisting of multiple threats and acts involving:

    a.  Murder, in violation of Minnesota Code, Section 609.185, 609.19, 609.17, 609.05, and 609.175

    b.  Robbery, in violation of Minnesota Code, Sections 609.24, 609.245, 609.17, 609.05, and 609.175.

And multiple offenses involving:

    c.  Trafficking and distribution of controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846

    7.    It was further part of the conspiracy that the defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the Enterprise.

## NOTICE OF SPECIAL SENTENCING FACTORS

8.      Beginning in or about 2021, in the District of Minnesota, and continuing to in or about the date of this Information, as part of the above-described racketeering conspiracy, defendants **Douglas Mobley, a.k.a. Nut;** and others known to the United States Attorney did combine, conspire, confederate, and agree, together and with others to knowingly and intentionally distribute or possess with intent to distribute at least 400 grams of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, or at least 100 grams of a mixture or substance containing a detectable amount of any analogue of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, (Schedule II controlled substances), in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(vi), and 846.

## FORFEITURE ALLEGATIONS

Count 1 of this Information are realleged and incorporated reference for the purpose of alleging forfeitures pursuant Title 18, United States Code, Sections 924(d) and 1963, and Title 21, United States Code, Section 853.

Upon conviction of Count 1, the defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963, the following property:

      a. any interest acquired or maintained in violation of section 1962;

      b. any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which the defendant[s] established, operated, controlled, conducted, or participated in the conduct of, in violation of section 1962; and

      c. any property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity or unlawful debt collection in violation of 1962.

If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 1963(m) and Title 28, United States Code, Section 2461(c).


ANDREW M. LUGER
UNITED STATES ATTORNEY

/s *Brian W. Lynch*

BRIAN W. LYNCH
Trial Attorney
Ohio Bar No. 86245
Organized Crime and Gang Section
U.S. Department of Justice
Washington, DC 20530

/s *Samantha H. Bates*

SAMANTHA H. BATES
Assistant United States Attorney
Minnesota Bar No. 395002
United States Attorneys' Office
District of Minnesota
Minneapolis, Minnesota 55415


/s *Justin A. Wesley*

JUSTIN A. WESLEY
Assistant United States Attorney
Minnesota Bar No. 389189
United States Attorneys' Office
District of Minnesota
Minneapolis, Minnesota 55415