UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Court File No. 23-cr-160 (27) |
| Plaintiff, | (NEB/JFD) |
| v. | **MOTION TO SUPPRESS SEARCH WARRANT EVIDENCE** |
| Marques T. Walker, | |
| Defendant. | |

Defendant hereby moves under the Fourth, Fifth and Sixth Amendments to the Constitution of the United States and Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure, to suppress evidence obtained pursuant to a November 3, 2022 warrant obtained by Minneapolis Police Department Officer Lindsey Kortus. (Bates Nos. 00128945-00128966). Defendant requests that the Court order a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 171 (1978), to present evidence establishing that the warrant was obtained using materially false information, and thus the Constitution requires suppression of any evidence obtained pursuant to the warrant.

The November 3, 2022, warrant sought authorization to install and use a pen register, trap and trace, and cell site simulator on Defendant's phone to obtain real-time GPS location and subscriber record information. Based on information provided by Officer Kortus, Hennepin County Judge Lois Conroy signed the warrant.

The information supplied by affiant Officer Kortus to support probable cause for issuance of the warrant was false, however. Among other things, Officer Kortus states in

her affidavit that a search warrant had been previously served on Defendant and his residence, and several handguns had been recovered. This was false. No guns were recovered during service of the prior search warrant, as reflected in the return prepared with respect to the prior warrant. Officer Kortus knew this information was false when she filed the affidavit.

Moreover, Officer Kortus indicated that several confidential informants had stated to her that Defendant, "is big into fentanyl pills and one of the big guys in the Lows street gang . . . [and Defendant] flies out to L.A. to get fentanyl which he brings back to Minneapolis to distribute." This information purportedly provided by the confidential informants is also false, and Officer Kortus either knew it was false or recklessly disregarded the potential falsity of the statements by confidential informants by failing to conduct any diligence to corroborate them.[1] *See United States v. Williams,* 10 F.3d 590, 593 (8th Cir. 1993) ("Information may be sufficiently reliable to support a probable cause finding if the person providing the information has a track record of supplying reliable information, or if it is corroborated by independent evidence.").

Because the November 3, 2022, warrant was obtained using false information concocted to satisfy the requirement of probable cause, and was necessary to the finding of probable cause, any evidence obtained using the warrant should be suppressed. *United*

---

[1] Further, notably, these statements directly contradict the evidence apparently provided by confidential informants to the government in this case, who allege mDefendant is actually a member of the *Highs* gang and obtains fentanyl from sources in Arizona.

*States v. Jacobs,* 986 F.2d 1231, 1233–34 (8th Cir.1993) (citing *Franks,* 438 U.S. at 155–56, 98 S.Ct. 2674).

Accordingly, Defendant respectfully moves that the Court set a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 171(1978), and, upon hearing, suppress all evidence obtained pursuant to the warrant, as well as any fruits obtained through the use of that evidence.

Dated:  August 21, 2024

/s/ Kevin C. Riach
Kevin C. Riach (#0389277)
THE LAW OFFICE OF KEVIN C. RIACH
125 Main St. SE, Suite 339
Minneapolis, MN 55414
Telephone:  612.203.8555
kevin@riachdefense.com

/S/ Paul C. Dworak
Paul C. Dworak (#0391070)
STORMS DWORAK LLC
222 South Ninth Street, Suite 470
Minneapolis, Mn 55402
Telephone: 612.455.7056
paul@stormsdworak.com

**ATTORNEYS FOR DEFENDANT**