UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | ) |
|     Plaintiff, | ) DEFENDANT KEON PRUITT'S<br>) OBJECTIONS TO THE REPORT AND<br>) RECOMMENDATION OF THE |
| vs. | ) MAGISTRATE JUDGE<br>) |
| Keon Pruitt, | ) Crim. No. 23-160 (NEB/JFD)<br>) |
|     Defendant. | ) |

Defendant Keon Pruitt, through his counsel, John C. Brink, Esq., and Daniel L. Gerdts, Esq., respectfully objects, pursuant to Local Rule 72.2(b), to the hereinafter specified portions of the Magistrate Judge's Report and Recommendation entered on 23 September 2024 [R. Doc. No. 1391] in the above-captioned case. Defendant Pruitt objects specifically to the following recommendations: to deny his Motion to Suppress Search and Seizure evidence [R. Doc. No. 1045], and to deny his Motion to Dismiss Count 1 as unconstitutionally void for vagueness [R. Doc. No. 1047]. *See* Report and Recommendation at 14-15, 57.

As for the motion to suppress, Defendant Pruitt specifically objects to the conclusion "that officers were justified in approaching the Jeep and conducting an investigatory stop." *Id*. at 15. Apart from the fact that they were responding to a "shots fired" call, all the reasons cited by the magistrate in support of this conclusion were

facts learned *after*, and by virtue of, the traffic stop itself. But the evidentiary fruits of an investigative seizure cannot justify the seizure. "A traffic stop based on reasonable suspicion, like all *Terry* stops, must be 'justified at its inception.'" *Rodriguez v. United States*, 575 U.S. 348, 365 (2015) (Thomas, J., dissenting). All of the other facts cited by the magistrate in support of a finding of reasonable suspicion ("The officers knew the occupants of the Jeep were gang members; they saw a gun on the driver's lap; and they smelled marijuana coming from the Jeep") were facts learned *after* the seizure.

It is black letter law that "the detaining officers must have a particularized and objective basis for suspecting the particular person stopped of criminal activity" before the seizure itself. *United States v. Cortez*, 449 U.S. 411, 417–18 (1981). There was nothing about the 911 call itself that supported a particularized and objective basis to suspect the particular individuals in the Jeep of criminal activity.

As for the motion to dismiss as unconstitutionally void for vagueness, Defendant objects to the magistrate's conclusion that the motion is premature. This Court has addressed and ruled on similar pre-trial challenges without hesitation in the past. *See, e.g., United States v. Koech*, No. 18-Cr-182(DWF/LIB), 2018 WL 4905602, at *1 (D. Minn. Oct. 9, 2018), *aff'd*, 992 F.3d 686 (8th Cir. 2021). And the facts are not unknown or unascertainable – they are charged in the indictment.

Count One's vague allegation of a RICO "enterprise" permits virtually anyone

in north Minneapolis accused of any number of commonplace state crimes to be federally indicted in this prosecution, rendering the statute too amorphous and too subject to arbitrary enforcement to be constitutionally valid. As previously noted, the known facts also clash with the theory of prosecution alleged in Count One. It contends, for example, that one of the purposes of the alleged RICO enterprise was "[a]ttacking and retaliating against rival gang members through acts of violence, including, but not limited to, murder, attempted murder, assault, and other acts of violence." R. Doc. 820, at 7. It correspondingly also alleges that one of the manner and means by which members of the enterprise participated in its affairs was by "using firearms in acts of violence, retaliation, and protection against rival gangs." *Id*.

Notwithstanding these allegations, it also contends that the most serious conduct alleged to have been committed by Defendant Pruitt in support of the purported "enterprise" was the murder of a person who was neither a member of any gang at all – let alone a "rival" gang – nor posed any threat whatsoever to the alleged "enterprise" – essentially just a random act of violence. But random acts of violence cannot form the basis for a RICO conspiracy, and even if they are numerous, cannot serve to give fair notice that one might be crossing the line demarcating the contours of what is prohibited by §1962(d).

CONCLUSION

For the reasons set forth above, Defendant Pruitt urges the Court to exercise its power of *de novo* review and reject in whole the recommendations proposing denial of Defendant's motions.

Dated: 15 October 2024                             Respectfully submitted,

*s/ Daniel L. Gerdts*

Daniel L. Gerdts (#207329)
331 Second Avenue South, Suite 705
Minneapolis, MN 55401
612.800.5086

*s/John C. Brink*
John C. Brink (#11587)
3730 Edmund Boulevard
Minneapolis, MN 55406
612-382-6789
johncharlesbrink@gmail.com