| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **PARTIES' JOINT** |
| ) | **PROPOSED** |
| TYREESE GILES (6), ) | **JURY INSTRUCTIONS** |
| ) | |
| JOSIAH TAYLOR (7), ) | |
| ) | |
| TREVAUN ROBINSON (10), ) | |
| ) | |
| WILLIAM BANKS (19), ) | |
| ) | |
| GREGORY BROWN (26), ) | |
| ) | |
| MARQUEZ WALKER (27), ) | |
| ) | |
| Defendants. ) | |

The United States, by and through its attorneys, Lisa D. Kirkpatrick, Acting United States Attorney for the District of Minnesota, and Thomas Calhoun-Lopez, and Carla J. Baumel, Assistant United States Attorneys, and Brian W. Lynch and Alyssa Levey-Weinstein, Trial Attorneys, and the defendants Tyreese Giles, Josiah Taylor, Trevaun Robinson, William Banks, Gregory Brown, and Marques Walker, by and through their undersigned counsel, hereby request that the Court use the attached proposed jury instructions in the above-captioned case. Instructions proposed by the United States to which the defendants object are highlighted yellow. Instructions proposed by the United States to which the defendants object have been

highlighted in green. The parties reserve the right to submit additional proposed instructions.

Dated: April 28, 2025

Respectfully Submitted

LISA D. KIRKPATRICK
Acting United States Attorney

BY: */s/ Carla J. Baumel*
THOMAS CALHOUN-LOPEZ
CARLA J. BAUMEL

BRIAN W. LYNCH
ALYSSA LEVEY-WEINSTEIN

*/s/ Bruce Rivers*
BRUCE RIVERS
Counsel for Tyreese Giles

*/s/ Peter B. Wold*
PETER B. WOLD
Counsel for Josiah Taylor

*/s/ Paul C. Engh*
PAUL C. ENGH
Counsel for Trevaun Robinson

*/s/ Catherine L. Turner*
CATHERINE L. TURNER
Counsel for William Banks

*/s/ Kevin C. Riach*
KEVIN C. RIACH
PAUL C. DWORAK
Counsel for Marques Walker

*/s/Daniel Adkins*
DANIEL ADKINS
Counsel for Gregory Brown

# INSTRUCTIONS TO BE GIVEN AT THE BEGINNING OF TRIAL

**JURY INSTRUCTION NO. <u>1</u>**

<u>Introduction</u>

Ladies and gentlemen: I will take a few moments now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial, I will give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions—both those I give you now and those I give you later—are equally binding on you and must be followed.

You must leave your cell phone, PDA, Blackberry, smart phone, iPhone and any other wireless communication devices in the jury room during the trial and may only use them during breaks. However, you are <u>not</u> allowed to have cell phones in the jury room during your deliberations. You may give the cell phone to the [bailiff] [deputy clerk] for safekeeping just before you start to deliberate. It will be returned to you when your deliberations are complete.

This is a criminal case, brought against the defendants, Tyreese Giles, a.k.a. Reese, a.k.a. Wet; Josiah Taylor, a.k.a. Joker; Trevaun Robinson, a.k.a. Tricky Tre; William Banks, a.k.a. Bear, a.k.a. Big Will; Gregory Brown, a.k.a. Lil' G, a.k.a. Knowledge; and Marques Walker, a.k.a. Q, a.k.a. Quez[1], by the United States. The defendants are each respectively charged with one count of Racketeer Influenced and Corrupt Organizations Conspiracy. Mr. Taylor, Mr. Robinson, Mr. Banks, Mr.

---

[1] [This instruction has been proposed by the United States. Defendants object to the use of alleged aliases/nicknames.]

Brown, and Mr. Walker are each respectively charged with one count of Conspiracy to Distribute Controlled Substances. Mr. Robinson and Mr. Taylor are each respectively charged with one count of Possession of a Firearm in Furtherance of Drug Trafficking. Mr. Walker is charged with one count of Distribution of a Controlled Substance and one count of Possession with Intent to Distribute a Controlled Substance. Those charges are set forth in what is called an indictment [which reads as follows].

You should understand that an indictment is simply an accusation. It is not evidence of anything. The defendants have pleaded not guilty and are presumed to be innocent unless and until proved guilty beyond a reasonable doubt. It will be your duty to decide from the evidence whether the defendants are guilty or not guilty of the crimes charged.

From the evidence, you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts, but you must follow my instructions, whether you agree with them or not. You have taken an oath to do so.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and

the law as I give it to you. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

Finally, please remember that only the defendants, not anyone else, are on trial, and that the defendants are on trial only for the crimes charged, not for anything else.[2]

---

[2] Eighth Circuit Model Criminal Jury Instructions § 1.01 (2023).

**JURY INSTRUCTION NO. 2**

Elements of the Offense – Preliminary

To help you follow the evidence, I will now give you a brief summary of the elements of the crimes charged, which the United States must prove beyond a reasonable doubt to make its case. I will provide you with more detailed instructions regarding the elements of the charged offense before you deliberate.[3]

The crime of RICO conspiracy, as charged in Count One of the Indictment, has five elements, which are:

*One*, an enterprise existed as alleged above;

*Two*, the enterprise was engaged in or had some effect on interstate commerce;

*Three*, the defendant was associated with the enterprise;

*Four*, that on or about 2014 through 2025 two or more persons reached an agreement or came to an understanding to conduct or participate in the affairs of the enterprise, directly or indirectly, through a pattern of racketeering activity; and

*Five*, the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in existence, and at the time the defendant joined in the agreement or understanding he specifically intended to otherwise participate in the affairs of the enterprise.

The crime of conspiracy to distribute controlled substances, as charged in Count Three of the Indictment, has three elements, which are:

---

[3] Eighth Circuit Model Criminal Jury Instructions § 1.02 (2023).

*One*, beginning on or about August 1, 2015 and continuing through in or about April 26, 2023, two or more persons reached an agreement or came to an understanding to distribute fentanyl, cocaine, MDMA, oxycodone, and marijuana;

*Two*, the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; and

*Three*, at the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding.

The crime of possessing a firearm in furtherance of a drug trafficking crime, as charged in Counts Six and Seven of the Indictment has two elements:

*One*, the defendant committed the crime of conspiracy to distribute controlled substances as charged in Count Three of the Indictment; and

*Two*, the defendant knowingly possessed a firearm in furtherance of that crime.

The crime of distribution of a controlled substance, as charged in Count Nine of the Indictment, has two elements, which are:

*One*, the defendant intentionally transferred fentanyl to another person; and

*Two*, at the time of the transfer, the defendant knew that it was a controlled substance.

The crime of possession of fentanyl with intent to distribute, as charged in Count Ten of the Indictment, has three elements:

*One*, the defendant possessed some quantity of a mixture or substance containing a detectable amount of fentanyl;

6

*Two*, the defendant knew that he was in possession of the mixture or substance containing a detectable amount of fentanyl; and

*Three*, the defendant intended to distribute some or all of the mixture or substance containing a detectable amount of fentanyl to another person.

You should understand, however, that what I have just given you is only a preliminary outline. At the end of the trial I will give you a final instruction on these matters. If there is any difference between what I just told you, and what I tell you in the instructions I give you at the end of the trial, the instructions given at the end of the trial must govern you.

**JURY INSTRUCTION NO. 3**

<u>Direct and Circumstantial Evidence</u>

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses, documents, and other things received as exhibits, any facts that have been stipulated—that is, formally agreed to by the parties, and any facts that have been judicially noticed—that is, facts which I say you may, but are not required to, accept as true, even without evidence.

Certain things are not evidence. I will list those things for you now:

Statements, arguments, questions, and comments by lawyers representing the parties in the case are not evidence.

Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

8

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.[4]

[4] Eighth Circuit Model Criminal Jury Instructions § 1.03 (2023).

# JURY INSTRUCTION NO. <u>4</u>

<u>Credibility of Witnesses</u>

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony of any witness to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with other evidence that you believe.[5]

Again, you must avoid bias, conscious or unconscious, based on a witness's race, color, ethnicity, national origin, religion, gender, gender identity, sexual orientation, disability, or economic circumstances in your determinations of credibility.

---

[5] Eighth Circuit Model Criminal Jury Instructions § 1.05 (2023).

**DEFENDANTS' REQUESTED INSTRUCTION**

<u>Credibility of Witness Who is a Drug and/Alcohol Abuser</u>

The testimony of a drug or alcohol abuser must be examined and weighted by the jury with greater care than the testimony of a witness who does not abuse drugs or alcohol.

The jury determines whether the testimony of the drug or alcohol abuser has been affected by drugs or alcohol use or the need for drugs or alcohol.[6]

---

[6] Sec. 15.04, O'Malley, Grenig et al, Federal Jury Practice and Instruction (5th Ed. 2000) [This instruction has been proposed by the Defendants. Unless testimony by an alcohol abuser and/or substance abuser is offered at trial, the United States objects to this proposed instruction.]

**JURY INSTRUCTION NO. <u>5</u>**

<u>No Transcript Available – Note–Taking</u>

At the end of the trial, you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it may not be practical for the court reporter to read back lengthy testimony. You must pay close attention to the testimony as it is given.

If you wish, however, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. And do not let note-taking distract you so that you do not hear other answers by the witness.

When you leave at night, your notes will be secured and not read by anyone.[7]

---

[7] Eighth Circuit Model Criminal Jury Instructions § 1.06A (2023).

# JURY INSTRUCTION NO. <u>6</u>

<u>Bench Conferences and Recesses</u>

During the trial it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.[8]

---

[8] Eighth Circuit Model Criminal Jury Instructions § 1.07 (2023).

# JURY INSTRUCTION NO. 7

<u>Conduct of the Jury</u>

To ensure fairness, you as jurors must obey the following rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone should try to talk to you about the case during the trial, please report it to the deputy.

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the case sees you talking to a person from the other side—even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, it is because they are not supposed to talk to or visit with you.

14

*Fifth*, it may be necessary for you to tell your family, close friends, teachers, coworkers, or employer about your participation in this trial. You can explain when you are required to be in court and can warn them not to ask you about this case, tell you anything they know or think they know about this case, or discuss this case in your presence. You must not communicate with anyone or post information about the parties, witnesses, participants, charges, evidence, or anything else related to this case. You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you discuss the case with someone other than the other jurors during deliberations, it could create the perception that you have clearly decided the case or that you may be influenced in your verdict by their opinions. That would not be fair to the parties and it may result in the verdict being thrown out and the case having to be retried. During the trial, while you are in the courthouse and after you leave for the day, do not provide any information to anyone by any means about this case. Thus, for example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, computer, any online service, any text or instant messaging service, any Internet chat room, blog, or Website such as Facebook, TikTok, Instagram, YouTube, X, formerly known as Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict.

*Sixth*, do not do any research—on the Internet, via electronic devices, in libraries, in the newspapers, or in any other way—or make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other device to search for or to view any place discussed in the testimony. Also, do not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge.

*Seventh*, do not read any news stories or articles in print, or on the Internet, or in any blog, about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it. In fact, until the trial is over, I suggest that you avoid reading any newspapers or news journals at all, and avoid listening to any television or radio newscasts at all. I do not know whether there might be any news reports of this case, but if there are, you might inadvertently find yourself reading or listening to something before you could do anything about it. If you want, you can have your spouse or a friend clip out any stories and set them aside to give you after the trial is over. I can assure you, however, that by the time you have heard the evidence in this case, you will know what you need to return a just verdict.

The parties have a right to have the case decided only on evidence they know about and that has been introduced here in court. If you do some research or investigation or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, including the oath to tell the truth and by

16

cross-examination. All of the parties are entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Remember, you have taken an oath to abide by these rules and you must do so. Failure to follow these instructions may result in the case having to be retried and could result in you being held in contempt.

*Eighth*, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

*Ninth*, faithful performance by you of your duties as jurors is vital to the administration of justice. You should perform your duties without prejudice or fear, and solely from a fair and impartial consideration of the whole case.

[Our system of justice depends on jurors like you being able and willing to make careful and fair decisions. A first response is often like a reflex; it may be quick and automatic. Even though a quick response may not be the result of conscious thought, it may influence how we judge people or even how we remember or evaluate evidence. You must not decide this case based on personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases such as stereotypes, attitudes, or preferences that people may consciously reject but may

express without conscious awareness, control, or intention. Take the time to reflect

carefully and consciously about the evidence.][9]

[9] Eighth Circuit Model Criminal Jury Instructions § 1.08 (2023).

**JURY INSTRUCTION NO. 8**

<u>Outline of Trial</u>

The trial will proceed in the following manner:

First, an attorney for the United States will make an opening statement. Next, the defendants' attorneys may, but do not have to, make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The United States will then present its evidence and the defendants may cross-examine. Following the case by the United States, the defendants may, but do not have to, present evidence, testify or call other witnesses. If the defendants call witnesses, the United States' counsel may cross-examine them.

After presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. The Court will instruct you further on the law. After that you will retire to deliberate on your verdict.[10]

---

[10] Eighth Circuit Model Criminal Jury Instructions § 1.09 (2023).

# INSTRUCTIONS FOR USE DURING TRIAL

## JURY INSTRUCTION NO. <u>9</u>

<u>Duties of Jury – Recess</u>

During this recess, and every other recess, you must not discuss this case with anyone, including the other jurors, members of your family, people involved in the trial, or anyone else.  Do not allow anyone to discuss the case with you or within your hearing.  Only you have been chosen as jurors in this case, and only you have sworn to uphold the law—no one else has been chosen to do this.  You should not even talk amongst yourselves about the case before you have heard all the evidence and the case has been submitted to you by me for deliberations, because it may affect your final decision.  If anyone tries to talk to you about the case, please let me know about it immediately.

When I say, "you must not discuss the case with anyone," I also mean do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read any newspaper or other written account, watch any televised account, or listen to any radio program about this trial.  Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter.  You must keep your mind open and free of outside information.  Only in this way will you be able to decide the case fairly, based solely on the testimony, evidence presented in this courtroom, and my instructions on the law.  If you decide this case on anything else, you will have done an injustice.  It would be a violation of your oath for you to base your decision on some reporter's view or

opinion, or upon other information you acquire outside the courtroom. It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.[11]

_____

[11] Eighth Circuit Model Criminal Jury Instructions § 2.01 (2023).

**JURY INSTRUCTION NO. <u>10</u>**

<u>Stipulated Facts</u>

*[If appropriate]*

The United States and the defendants have stipulated—that is, they have agreed—that certain facts are as counsel just stated. You must therefore treat those facts as having been proved.[12]

---

[12] Eighth Circuit Model Criminal Jury Instructions § 2.03 (2023).

**JURY INSTRUCTION NO. <u>11</u>**

<u>Wiretap or Other Recorded Evidence</u>

***[If appropriate]***

You [are about to hear] [have heard] recordings of conversations. These conversations were legally recorded, and you may consider the recordings just like any other evidence.[13]

---

[13] Eighth Circuit Model Criminal Jury Instructions § 2.05 (2023).

**JURY INSTRUCTION NO. <u>12</u>**

<u>Transcript of Recorded Conversation</u>

***[If appropriate]***

As you have heard, there is a transcript of the recording [I just mentioned] [you are about to hear]. That transcript also undertakes to identify the speakers engaged in the conversation.

The transcript is for the limited purpose of helping you follow the conversation as you listen to the recording and also to help you keep track of the speakers. Differences in meaning between what you hear in the recording and read in the transcript may be caused by such things as the inflection in a speaker's voice. It is what you hear, however, and not what you read, that is the evidence.[14]

---

[14] Eighth Circuit Model Criminal Jury Instructions § 2.06A (2023).

**JURY INSTRUCTION NO. <u>13</u>**

<u>Evidence Admitted Against Only One Defendant</u>

**[*If appropriate*]**

As you know, there are six defendants on trial here: Tyreese Giles, Josiah Taylor, Trevaun Robinson, William Banks, Gregory Brown, and Marques Walker. Each defendant is entitled to have his case decided solely on the evidence which applies to him or her. Some of the evidence in this case will apply only to one specific defendant at a time; you may not consider that evidence against the other defendants to whom it does not directly apply.[15]

You may consider the [evidence] [testimony] [exhibit] you [are about to hear] [just heard about], (describe testimony or exhibit), only against defendant (name). You must not consider that evidence when you are deciding if the government has proved, beyond a reasonable doubt, its case against defendants (name[s]).

---

[15] Eighth Circuit Model Criminal Jury Instructions § 2.14 (2023).

26

**JURY INSTRUCTION NO. <u>14</u>**

<u>Statement of One Defendant in Multi-Defendant Trial</u>

***[If appropriate]***

You may consider the statement of defendant (name) only in the case against [him] [her], and not against the other defendant[s]. You may not consider or discuss defendant (name)'s statement in any way when you are deciding if the United States proved, beyond a reasonable doubt, its case against the other defendant[s].[16]

---

[16] Eighth Circuit Model Criminal Jury Instructions, § 2.15 (2023).

# JURY INSTRUCTION NO. <u>15</u>

<u>Witness Who Has Pleaded Guilty</u>

[*If appropriate*]

You have heard that the witness (name) pleaded guilty to a crime which arose out of the same events for which the defendant is on trial here. **This evidence is offered to show the witness' acknowledgment of participation in the offense.** You must not consider that guilty plea as any evidence of these defendants' guilt. You may consider that witness' guilty plea only for the purpose of determining how much, if at all, to rely upon [his] [her] testimony.[17]

---

[17] Eighth Circuit Model Criminal Jury Instructions § 2.19 (2023) (sentence in **bold** is a proposed modification to this Model Jury Instruction as contemplated by Note 1 to the Instruction).

# JURY INSTRUCTION NO. <u>16</u>

<u>Statement by a Defendant</u>

[***If appropriate***]

You have heard testimony that the defendant made a statement to (name of person or agency). It is for you to decide:

*First*, whether the defendant made the statement; and

*Second*, if so, how much weight you should give to it.

In making these two decisions you should consider all of the evidence, including the circumstances under which the statement may have been made.[18]

---

[18] Eighth Circuit Model Criminal Jury Instructions § 2.07 (2023).

# JURY INSTRUCTION NO. <u>17</u>

<u>Defendant's Prior Similar Acts – Fed. R. Evid. 404(b)</u>

## *[If appropriate]*

You [are about to hear] [have heard] evidence that the defendant (describe evidence the jury is about to hear or has heard). You may consider this evidence only if you (unanimously) find it is more likely true than not true that the defendant committed the act. This is a lower standard than proof beyond a reasonable doubt. You decide by considering all of the evidence relating to the alleged act, then deciding what evidence is more believable.

If you find that this evidence has not been proved, you must disregard it. If you find this evidence has been proved, then you may consider it only for the limited purpose of deciding whether the defendant [had the state of mind or intent necessary to commit the crime charged in the indictment]; or [had a motive or opportunity to commit the acts described in the indictment]; or [acted according to a plan or in preparation for commission of a crime]; or [committed the acts he is on trial for by accident or mistake]; or [describe other permissible purpose]. You should give it the weight and value you believe it is entitled to receive.

Remember, even if you find that the defendant may have committed one or more similar acts in the past, this is not evidence that he committed such an act in this case. You may not convict a person simply because you believe he may have committed similar acts in the past. The defendant is on trial only for the crime

30

charged, and you may consider the evidence of prior acts only on the issues stated above.[19]

---

[19] Eighth Circuit Model Criminal Jury Instructions § 2.08 (2023).

31

# JURY INSTRUCTION NO. <u>18</u>

<u>Defendant's Testimony – Impeachment by Prior Conviction</u>

You [are about to hear] [have heard] evidence that the defendant was previously convicted of [a crime] [other crimes]. You may use that evidence only to help you decide whether to believe his testimony and how much weight to give it. That evidence does not mean that he committed the crimes charged here, and you must not use that evidence as any proof of the crimes charged in this case. That evidence may not be used in any way at all in connection with the other defendants.[20]

---

[20] Eighth Circuit Model Criminal Jury Instructions § 2.16 (2023 ed.).

# JURY INSTRUCTION NO. <u>19</u>

<u>Impeachment of Witness by Prior Conviction</u>

You have heard that the witness (name) was once convicted of [a] crime[s]. You may use that evidence only to help you decide whether to believe the witness and how much weight to give [his] [her] testimony.[21]

---

[21] Eighth Circuit Model Criminal Jury Instructions § 2.18 (2023 ed.).

**JURY INSTRUCTION NO. <u>20</u>**

<u>Defendant's Photographs—"Mug Shots"</u>

The witness (name) testified that [he] [she] viewed a photograph of defendant (name) which was shown to [him] [her] by the police. The police collect pictures of many people from many different sources and for many different purposes. The fact that the police had the defendant's picture does not mean that [he] [she] committed this or any other crime, and it must not effect on your consideration of this case.[22]

---

[22] Eighth Circuit Model Criminal Jury Instructions § 2.21 (2023).

# INSTRUCTIONS TO BE GIVEN
# AT THE CONCLUSION OF TRIAL

**JURY INSTRUCTION NO. <u>21</u>**

<u>Introduction</u>

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because <u>all</u> are important. This is true even though some of those I gave you at the beginning of or during trial are not repeated here.

The instructions I am about to give you now, as well as those I gave you earlier, are in writing and will be available to you in the jury room. Again, all instructions, whenever given and whether in writing or not, must be followed.[23]

---

[23] Eighth Circuit Model Criminal Jury Instructions § 3.01 (2023).

**JURY INSTRUCTION NO. <u>22</u>**

<u>Duty of Jury</u>

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

You should not be influenced by any person's race, color, ethnicity, national origin, religion, gender, gender identity, sexual orientation, disability, or economic circumstances. You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy, or biases, including unconscious bias. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may express without conscious awareness, control, or intention. Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.

The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.[24]

.

---

[24] Eighth Circuit Model Criminal Jury Instructions § 3.02 (2023).

## JURY INSTRUCTION NO. <u>23</u>

<u>Evidence; Limitations</u>

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses, the documents, other things received as exhibits, the facts that have been stipulated—this is, formally agreed to by the parties, [and the facts that have been judicially noticed—this is, facts which I say you may, but are not required to, accept as true, even without evidence].

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I will list those things again for you now:

1.     Statements, arguments, and questions by lawyers are not evidence.

2.     Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.     Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4.     Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.[25]

---

[25] Eighth Circuit Model Criminal Jury Instructions § 3.03 (2023).

**JURY INSTRUCTION NO. <u>24</u>**

<u>Credibility of Witnesses</u>

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness' intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness' memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

You should judge the testimony of the defendant in the same manner as you judge the testimony of any other witness.[26]

---

[26] Eighth Circuit Model Criminal Jury Instructions § 3.04 (2023).

# JURY INSTRUCTION NO. <u>25</u>

<u>Description of Charges; Indictment Not Evidence; Presumption of Innocence;
Burden of Proof (Multiple Defendants, Multiple Counts)</u>

The Indictment in this case charges the defendants with different crimes.

Count One charges that defendants Giles, Taylor, Robinson, Banks, Brown, and Walker committed the crime of RICO conspiracy.

Count Three charges that defendants Taylor, Robinson, Banks, Brown, and Walker committed the crime of conspiracy to distribute controlled substances.

Count Six charges that defendant Robinson committed the crime of possession of a firearm in furtherance of drug trafficking.

Count Seven charges that defendant Taylor committed the crime of possession of a firearm in furtherance of drug trafficking.

Count Nine charges that defendant Walker committed the crime of distribution of a controlled substance.

Count Ten charges that defendant Walker committed the crime of possession with intent to distribute a controlled substance.

Each defendant has pleaded not guilty to each of those charges.

The Indictment is simply the document that formally charges the defendants with the crimes for which they are on trial. The Indictment is not evidence. At the beginning of the trial, I instructed you that you must presume the defendants to be innocent. Thus, the defendants began the trial with a clean slate, with no evidence against them.

The presumption of innocence alone is sufficient to find each defendant not guilty of each count. This presumption can be overcome as to each charge only if the prosecution proved during the trial, beyond a reasonable doubt, each element of that charge.

Keep in mind that you must give separate consideration to the evidence about each individual defendant. Each defendant is entitled to be treated separately, and you must return a separate verdict for each defendant. Also keep in mind that you must consider, separately, each crime charged against each individual defendant, and you must return a separate verdict for each of those crimes charged.

There is no burden upon a defendant to prove that he or she is innocent. Instead, the burden of proof remains on the prosecution throughout the trial.

[The fact that a defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdict.][27]

---

[27] Eighth Circuit Model Criminal Jury Instructions § 3.08 (2023).

Elements of the Offense – Burden of Proof

If, for any given count charged in the Indictment, each element of that charged offense has been proved beyond a reasonable doubt as to a defendant, then you must find that defendant guilty of the crime changed under that count. Otherwise, you must find that defendant not guilty of the crime charged under that count.[28]

---

[28] Eighth Circuit Model Criminal Jury Instructions § 3.09 (2023). [This instruction is proposed by the United States. Defendants object].

# DEFENDANTS PROPOSED JURY INSTRUCTION

## Burden of Proof – Reasonable Doubt

The law presumes a defendant to be innocent of crime. Thus a defendant, although accused, begins the trial with a "clean slate" - with no evidence against him. And the law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the accused. So the presumption of innocence alone is sufficient to acquit a defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense - the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his own affairs.

The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant; for the law never imposes upon a defendant in a criminal case the burden or duty of calling witnesses or producing any evidence.

So, if the jury, after careful and impartial consideration of all the evidence in the case, has a reasonable doubt that the defendant is guilty of the charge, it must acquit. If the jury views the evidence in the case as reasonably permitting either of two conclusions - one of non-guilt, the other of guilt - the jury should of course adopt the conclusion of non-guilt.[29]

---

[29] §11.14 Devitt and Blackmar, Federal Jury Practice and Instructions (3rd Ed. 1977; Supp. 1988) (modified); §3.11 Model Criminal Jury Instructions (8th Cir. Rev. 1988); Sec. 12.01, O'Malley, Grenig et al, Federal Jury Practice and Instructions, (5th Ed. 2002). This well accepted Judge Devitt instruction was given by Judge Brasel in United States v. Warren, 20-CR-143 (NEB), Docket Entry 86, at pp. 6-7. [This instruction is proposed by the Defendants. The United States objects.]

**JURY INSTRUCTION NO. <u>27</u>**

<u>Reasonable Doubt</u>

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.[30]

---

[30] Eighth Circuit Model Criminal Jury Instructions § 3.11 (2023).

# JURY INSTRUCTION NO. <u>28</u>

<u>Election of Foreperson; Duty to Deliberate; Punishment Not a Factor;
Communications with Court, Cautionary; Verdict Form</u>

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I will list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict—whether guilty or not guilty—must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if the defendant is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the [government] [prosecution] has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I

will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone—including me—how your votes stand numerically.

*Fifth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict whether guilty or not guilty must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. [The form reads: (read form)]. You will take this form to the jury room, and when each of you has agreed on the verdict[s], your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

[If more than one form was furnished, you will bring the unused forms in with you.][31]

---

[31] Eighth Circuit Model Criminal Jury Instructions § 3.12 (2023).

**JURY INSTRUCTION NO. <u>29</u>**

<u>Venue</u>

The government must prove it is more likely true than not true that the offenses charged were begun, continued or completed in the District of Minnesota. You decide these facts by considering all of the evidence and deciding what evidence is more believable. This is a lower standard than proof beyond a reasonable doubt. The requirement of proof beyond a reasonable doubt applies to all other issues in the case [except (list any other issues subject to a lower standard, *e.g.*, insanity, coercion, 404(b) evidence)].[32]

---

[32] Eighth Circuit Model Criminal Jury Instructions § 3.13 (2023).

**JURY INSTRUCTION NO. <u>30</u>**

<u>Date of Crime Charged</u>

The indictment charges the offense Count One was committed "on or about" between 2014 and 2025; that Count Three was committed "on or about" between 2015 and 2023; that Count Six was committed "on or about" August 10, 2021; that Count Seven was committed "on or about" June 10, 2022; that Count Nine was committed "on or about" March 30, 2022; and that Count Ten was committed "on or about" April 26, 2022. The government must prove that the offenses happened reasonably close to those timeframes but is not required to prove the alleged offense happened on those exact dates.[33]

---

[33] Eighth Circuit Model Criminal Jury Instructions § 3.14 (2023).

**JURY INSTRUCTION NO. <u>31</u>**

<u>Character and Reputation</u>

***[If appropriate]***

You have heard testimony about the character and reputation of [(name of witness)] [the defendant] for truthfulness. You may consider this evidence only in deciding whether to believe the testimony of [(name of witness)] [the defendant] and how much weight to give it.[34]

---

[34] Eighth Circuit Model Criminal Jury Instructions § 4.02 (2023).

# JURY INSTRUCTION NO. <u>32</u>

<u>Testimony Under Plea Bargain</u>

[***If appropriate***]

You have heard evidence that (name of witness) [has made a plea agreement with the prosecution [has received a promise from the prosecution that [he] [she] will not be prosecuted] [has received a promise from the prosecution that [his] [her] testimony will not be used against [him] [her] in a criminal case]. [His] [Her] testimony was received in evidence and may be considered by you. You may give [his] [her] testimony such weight as you think it deserves. Whether or not [his] [her] testimony may have been influenced by the [plea agreement] prosecution's promise] is for you to determine.

The witness' guilty plea cannot be considered by you as any evidence of this defendant's guilt. The witness' guilty plea can be considered by you only for the purpose of determining how much, if at all, to rely upon the witness' testimony.[35]

---

[35] Eighth Circuit Model Criminal Jury Instructions, § 4.04 (2023).

**JURY INSTRUCTION NO. <u>33</u>**

<u>Testimony of Accomplice</u>

[***If appropriate***]

You have heard testimony from (name of witness) who stated that [he] [she] participated in the crime charged against the defendant. [His] [Her] testimony was received in evidence and may be considered by you. You may give [his] [her] testimony such weight as you think it deserves. Whether or not [his] [her] testimony may have been influenced by [his] [her] desire to please the [government] [prosecution] or to strike a good bargain with the [government] [prosecution] about [his] [her] own situation is for you to determine.[36]

---

[36] Eighth Circuit Model Criminal Jury Instructions § 4.05A (2023).

**JURY INSTRUCTION NO. <u>34</u>**

<u>Credibility – Cooperating Witness</u>

[***If appropriate***]

You have heard evidence that [name of witness] hopes to receive a reduced sentence on criminal charges pending against him or her in return for their cooperation with the prosecution in this case. This witness entered into a plea agreement with the prosecution that provides, among other things, an agreement that the prosecution will recommend a less severe sentence than the witness would have faced if they had not cooperated. The Court has no power to reduce a sentence for substantial assistance unless the prosecution, acting through the United States Attorney, files such a motion. If such a motion is filed by the prosecution, then it is up to the Court to decide whether to reduce the sentence at all, and if so, how much to reduce it.

You may give the testimony of this witness such weight as you think it deserves. Whether or not testimony of a witness may have been influenced by their hope of receiving a reduced sentence is for you to decide.[37]

---

[37] Eighth Circuit Model Criminal Jury Instructions, § 4.05B (2023).

# JURY INSTRUCTION NO. <u>35</u>

<u>Eyewitness Testimony</u>

The value of identification testimony depends on the opportunity the witness had to observe the offender at the time of the offense and to make a reliable identification later. Eyewitness identification must be evaluated with particular care.

In evaluating such testimony you should consider all of the factors mentioned in these instructions concerning your assessment of the credibility of any witness, and you should also consider, in particular, whether the witness had an adequate opportunity to observe the person in question at the time of the offense and whether the identification is reliable. You may consider, in that regard, such matters as the witness's eyesight and ability to observe the person in question under the circumstances, the length of time the witness had to observe the person in question, any intoxication or other impairment of the witness at the time the witness observed the person in question, the prevailing conditions at that time in terms of lighting, visibility or distance and the like, whether the witness had known or observed the person at earlier times, and any description provided by the witness after the event and before identifying the defendant. Factors that bear on the likelihood of misidentification include the passage of time between the witness's exposure to the person in question and identification of the defendant, whether the witness was under stress when they first encountered the person in question, whether the person in question carried a weapon, and the race of the person in question and the witness.

You should also consider whether the identification made by the witness after the offense was the product of his own recollection. You may consider, in that regard, the strength of the identification, and the circumstances under which the identification was made, keeping in mind that a witness may be certain but mistaken.

If the identification by the witness may have been influenced by the circumstances under which the defendant was presented to [him] [her] for identification, you should scrutinize the identification with great care.

The government has the burden of proving identity beyond a reasonable doubt. It is not essential that the witness be free from doubt as to the correctness of the identification. However you, the jury, must be satisfied beyond a reasonable doubt of the accuracy of the identification of a defendant before you may find that defendant guilty. If you are not convinced beyond a reasonable doubt that a defendant was the person who committed the crime, you must find that defendant not guilty.[38]

---

[38] Eighth Circuit Model Criminal Jury Instructions § 4.08 (2023).

**JURY INSTRUCTION NO. <u>36</u>**

<u>Influencing a Witness</u>

[***If appropriate***]

Attempts by a defendant to influence a witness in connection with the crime charged in this case may be considered by you in light of all the other evidence in the case. You may consider whether this evidence shows a consciousness of guilt and determine the significance to be attached to any such conduct.

[Furthermore, you should also understand that such testimony does not relate to the other defendant[s] in any way at all, and must not be used against [him] [her] [them] for any purpose whatsoever.][39]

---

[39] Eighth Circuit Model Criminal Jury Instructions § 4.09 (2023).

**JURY INSTRUCTION NO. <u>37</u>**

<u>Opinion Evidence – Expert Witness</u>

*[If appropriate]*

You have heard testimony from persons described as experts.  Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony.  You may accept or reject it and give it as much weight as you think it deserves, considering the witness' education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.[40]

---

[40] Eighth Circuit Model Criminal Jury Instructions § 4.10 (2023).

## JURY INSTRUCTION NO. <u>38</u>

<u>Demonstrative Summaries</u>

***[If appropriate]***

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, or other underlying evidence in the case. Those charts or summaries are used for convenience. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the books, records or other underlying evidence.[41]

---

[41] Eighth Circuit Model Criminal Jury Instructions § 4.11 (2023).

**JURY INSTRUCTION NO. 39**

<u>Rule 1006 Summary Charts</u>

***[If appropriate]***

You will remember that certain [summaries] [charts] were admitted in evidence. You may use those [summaries] [charts] as evidence, even though the underlying documents and records are not here. [However, the [accuracy] [authenticity] of those [summaries] [charts] has been challenged. It is for you to decide how much weight, if any, you will give to them. In making that decision, you should consider all of the testimony you heard about the way in which they were prepared.][42]

---

[42] Eighth Circuit Model Criminal Jury Instructions § 4.12 (2023).

**JURY INSTRUCTION NO. <u>40</u>**

<u>Conspiracy: Withdrawal</u>

If a person enters into an agreement but withdraws from that agreement before anyone has committed an act in furtherance of it, then the crime of conspiracy was not complete at that time and the person who withdrew must be found not guilty of the crime of conspiracy.

In order for you to find that a person withdrew from a conspiracy, you must find that the person took a definite, positive step to disavow or defeat the purpose of the conspiracy. Merely stopping activities or a period of inactivity is not enough. That person must have taken such action before any member of the scheme had committed any act in furtherance of the conspiracy.

The defendant has the burden of proving that he withdrew from the conspiracy, which means proving it is more likely true than not true that the defendant withdrew from the conspiracy. You decide that by considering all the evidence and deciding what evidence is more believable on the question of whether the defendant withdrew from the conspiracy. This is a lower standard than proof beyond a reasonable doubt. [If the evidence appears to be equally balanced, or if you cannot say which is more believable, you must resolve that question against the defendant. Deciding what evidence is more believable is not necessarily determined by the greater number of witnesses or exhibits a party has presented.][43]

---

[43] Eighth Circuit Model Criminal Jury Instructions § 5.06C (2023).

# JURY INSTRUCTION NO. 41

Conspiracy: Co-conspirator Acts and Statements

If you determined that an agreement existed and the defendant joined the agreement, then acts and statements knowingly done or made by a member of the agreement during the existence of the agreement and in furtherance of it, may be considered by you as evidence pertaining to the defendant, even though the acts and statements were done or made in the absence of and without the knowledge of the defendant. This includes acts done or statements made before the defendant joined the agreement, because a person who knowingly, voluntarily and intentionally joins an existing conspiracy becomes responsible for all of the conduct of the co-conspirators from the beginning of the conspiracy.[44]

[Acts and statements which are made before the conspiracy began or after it ended are admissible only against the person making them and should not be considered by you against any other defendant.][45]

---

[44] Eighth Circuit Model Criminal Jury Instructions § 5.06D (2023).

[45] [This portion of the instruction has been proposed by the Defendants. The United States objects.]

61

**JURY INSTRUCTION NO. 42**

<u>Count One—RICO Conspiracy</u>

Count One of the Indictment charges that from 2014 through on or about 2025, defendants Giles, Taylor, Robinson, Banks, Brown, and Walker, knowingly conspired and agreed with others, known and unknown, to conduct and participate, directly and indirectly, in the conduct of the affairs of an enterprise, namely, the Highs, through a pattern of racketeering activity. To convict a defendant of the RICO conspiracy offense charged in Count One, the government must prove that defendant knowingly agreed that a conspirator, which may include that defendant himself, would violate 18 U.S.C. § 1962(c).

Section 1962(c) is commonly referred to as the "substantive RICO statute." The relevant provision of the RICO statute states:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.[46]

---

[46] *United States v. McArthur, et al.*, 12-cr-26, ECF No. 1072 (Mar. 12, 2013) (Instruction No. 28).

62

**JURY INSTRUCTION NO. <u>43</u>**

<u>Elements of Offenses: RICO—Conspiracy</u>

The crime of conspiracy to participate, directly or indirectly, in the affairs of an enterprise through a pattern of racketeering activity as charged in Count One of the Indictment has five elements, which are:

*One*, an enterprise existed as alleged above;

*Two*, the enterprise was engaged in or had some effect on interstate commerce;

*Three*, the defendant was associated with the enterprise;

*Four*, that on or about 2014 through 2025 two or more persons reached an agreement or came to an understanding to conduct or participate in the affairs of the enterprise, directly or indirectly, through a pattern of racketeering activity; and

*Five*, the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in existence, and at the time the defendant joined in the agreement or understanding he specifically intended to otherwise participate in the affairs of the enterprise.

For you to find a defendant guilty of this crime the government must prove all of these elements beyond a reasonable doubt as to that defendant; otherwise you must find that defendant not guilty.[47]

---

[47] Eighth Circuit Model Criminal Jury Instructions § 6.18.1962B (2023).

"Enterprise" Defined

An enterprise includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact, although not a legal entity.

The term "enterprise," as used in these instructions, may include a group of people associated in fact, even though this association is not recognized as a legal entity. A group or association of people can be an enterprise if these individuals have joined together for the purpose of engaging in a common course of conduct. This group of people, in addition to having a common purpose, must have personnel who function as a continuing unit. This group of people does not have to be a legally recognized entity, such as a partnership or corporation. Such an association of individuals may retain its status as an enterprise even though the membership of the association changes by adding or losing individuals during the course of its existence.

An association-in-fact enterprise need not have a hierarchical structure or a "chain of command." Decisions may be made on an ad hoc basis and by any number of methods, including by consensus or show of strength. Members of the group need not have fixed roles. Different members may perform different roles at different times. The group need not have a name, regular meetings, dues, established rules and regulations, disciplinary procedures, or induction or initiation ceremonies. While the group must function as a continuing unit and remain in existence long enough to pursue a course of conduct, an enterprise's associates may engage in spurts of activity

64

punctuated by periods of quiescence. An enterprise is not limited to groups whose crimes are sophisticated, diverse, complex, or unique.

The government must also prove that the association had a structure distinct from that necessary to conduct the pattern of racketeering activity.[48] Although whether an enterprise existed is a distinct element that must be proved by the government, it is not necessary to find that the enterprise had some function wholly unrelated to the racketeering activity. Common sense dictates that the existence of an enterprise is oftentimes more readily proven by what it does rather than by an abstract analysis of its structure. Thus, the evidence used to prove the pattern of racketeering and the enterprise may coalesce. Therefore, you may consider proof of the racketeering acts to determine whether the evidence establishes the existence of an enterprise, and further, you may infer the existence of an enterprise from evidence of the pattern of racketeering activity.[49]

---

[48] Eighth Circuit Model Criminal Jury Instructions § 6.18.1962D (2023); *Boyle v. United States,* 556 U.S. 938, 946 (2009).

[49] *Boyle*, 556 U.S. at 951; *United States v Turkette*, 452 U.S. 576, 583 (1981). [The United States proposes this instruction. The Defendants object to the extent this instruction deviates from the Eighth Circuit Model instruction].

# JURY INSTRUCTION NO. <u>45</u>

<u>Enterprise—Interstate Commerce</u>

The government must prove beyond a reasonable doubt that the RICO enterprise was engaged in, and its activities affected, interstate commerce. "Interstate commerce" means trade or conducting business or travel between one state or another state or the District of Columbia. Therefore, interstate commerce may include the movement of money, goods, services, or persons from one state to another state or the District of Columbia. This may include, among other matters, the purchase or sale of goods or supplies from outside the state in which the enterprise was located, the use of interstate mail or wire facilities, or the causing of any of those things.

To establish the requisite effect on interstate commerce, the government is not required to prove a significant or substantial effect on interstate or foreign commerce. Rather, a minimal effect on interstate or foreign commerce is sufficient.

It is not necessary for the government to prove that the individual racketeering acts themselves affected interstate commerce; rather, it is the enterprise and its activities considered in their entirety that must be shown to have that effect. On the other hand, this effect on interstate commerce may be established through the effect caused by the individual racketeering acts.

Moreover, it is not necessary for the government to prove that the defendant knew that the enterprise affected or would affect interstate commerce, that the

defendant intended to affect interstate commerce, or that the defendant was or would be engaged in, or his activities affected or would affect, interstate commerce.

To satisfy this element, the government need only prove beyond a reasonable doubt either that the activities of the enterprise considered in their entirety had some minimal effect on interstate commerce.[50]

---

[50] *United States v. McArthur, et al.*, 12-cr-26, ECF No 1072 (Mar. 12, 2013) (Instruction No. 28); *see also* Eighth Circuit Model Criminal Jury Instructions § 6.18.2252B (2023).

# JURY INSTRUCTION NO. 46

## Associated with the Enterprise

The government must prove that a conspirator, which may include defendant Giles, defendant Taylor, defendant Robinson, defendant Banks, defendant Brown, and defendant Walker themselves, was "associated with" the enterprise about which I instructed you. The term "associated with" should be given its plain meaning. As Webster's Third New International Dictionary (1971 ed.) states, "associate" means "to join, often in a loose relationship as a partner, fellow worker, colleague, friend, companion, or ally . . . to join or connect with one another." Therefore, a person is "associated with" an enterprise when, for example, he joins with other members of the enterprise and knowingly aids or furthers the activities of the enterprise, or he conducts business with or through the enterprise.

It is not required that defendant Giles, defendant Taylor, defendant Robinson, defendant Banks, defendant Brown, and defendant Walker agree that any particular conspirator was "associated with" the enterprise for the entire time the enterprise existed. The government also is not required to prove that defendant Giles, defendant Taylor, defendant Robinson, defendant Banks, defendant Brown, and defendant Walker agreed that any particular conspirator had a formal position in the enterprise, participated in all the activities of the enterprise, had full knowledge of all the activities of the enterprise, or knew about the participation of all the other members of the enterprise. Rather, it is sufficient that the government prove beyond a reasonable doubt that as some time during the existence o the enterprise as alleged

68

in the indictment, a conspirator was "associated with" the enterprise within the meaning of that term as I have just explained and that he knew of the general nature of the enterprise and knew that the enterprise extended beyond his own role in the enterprise.[51]

---

[51] *United States v. McArthur, et al.*, 12-cr-26, ECF No 1072 (Mar. 12, 2013) (Instruction No. 28); *United States v. Darden*, 70 F.3d 1507, 1521–24 (8th Cir. 1995). [The United States proposes this instruction. The Defendants object to its inclusion].

Conduct or Participate in the Conduct of the Affairs of the Enterprise

The government must prove beyond a reasonable doubt that each defendant agreed that a conspirator would conduct or participate in the affairs of the enterprise. A defendant may be convicted of a RICO conspiracy offense even if he did not personally agree to commit racketeering act in furtherance of the enterprise. Rather, a defendant may be convicted when the evidence establishes that the defendant agreed to participate in the conduct of the enterprise with the knowledge and intent that other members of the conspiracy would commit racketeering acts in furtherance of the enterprise.

A person conducts or participates in the conduct of the affairs of an enterprise if that person uses his position in, or association with the enterprise, to participate in the operation or management of the enterprise itself, or to perform acts which are involved in some way in the operation or management of the enterprise, directly or indirectly, or if the person causes another to do so. A person participates in the operation of the affairs of the enterprise if he has some part in directing those affairs. An enterprise may be "operated" not just by upper management but also by lower rung participants in the enterprise who are under the direction of upper management.[52]

---

[52] Eighth Circuit Model Criminal Jury Instructions § 6.18.1962E (2023). [The United States proposes this instruction. The Defendants object to any extent this instruction deviates from the Eighth Circuit Model instruction].

## JURY INSTRUCTION NO. <u>48</u>

<u>RICO—Pattern of Racketeering</u>

In order to establish a pattern of racketeering activity, the government must prove beyond a reasonable doubt that:

*First*, at least two acts of racketeering as alleged in Count One of the Indictment, (murder in the first degree in violation of Minnesota law, murder in the second degree in violation of Minnesota law, attempted murder in violation of Minnesota law, aiding and abetting murder in violation of Minnesota law, robbery in violation of Minnesota law, aggravated robbery in violation of Minnesota law, attempted robbery in violation of Minnesota law, and aiding and abetting robbery in violation of Minnesota law; distributing controlled substances in violation of 21 U.S.C. § 841 and conspiring to distribute controlled substances in violation of 21 U.S.C. § 846) were committed within ten years of each other;

*Second*, the racketeering acts had the same or similar purpose, results, participants, victims, or methods of commission, or are interrelated by distinguishing characteristics and are not isolated events; and

*Third*, the racketeering acts themselves amount to or otherwise constitute a threat of continued activity. Continued activity is sufficiently established when predicate acts can be attributed to a defendant operating as part of a long-term association that exists for criminal purposes or when racketeering acts were a regular way of conducting the defendant's ongoing legitimate business.

71

To convict defendants Giles, Taylor, Robinson, Banks, Brown, or Walker of RICO conspiracy, your verdict must be unanimous as to which type or types of predicate racketeering activity each defendant agreed would be committed; for example, at least two acts of murder, robbery, drug trafficking, or any combination thereof.

**Racketeering Activity: First Degree Murder**

The underlying racketeering act of murder in the first degree in violation of Minnesota Statutes § 609.185 and 609.05 has five elements:

*One*, the death of the victim must be proven.

*Two*, the defendant caused the death of the victim.

*Three*, the defendant acted with the intent to kill the victim.

*Four*, the defendant acted with premeditation.

*Five*, the defendant's act took place in the State and District of Minnesota.

**Racketeering Activity: Second Degree Murder**

The underlying racketeering act of murder in the second degree in violation of Minnesota Statutes § 609.19 and 609.05 has four elements:

*One*, the death of the victim must be proven.

*Two*, the defendant caused the death of the victim.

*Three*, the defendant acted with the intent to kill the victim.

*Four*, the defendant's act took place in the State and District of Minnesota.

**Racketeering Activity: Attempted Murder in the First Degree**

The elements of the underlying racketeering act of attempted murder in the first degree, in violation of Minnesota Code, Section 609.185, 609.17 and 609.05 has four elements:

*One*, the defendant did an act that was a substantial step toward, and more than preparation for, killing the victim.

*Two*, the defendant acted with the intent to kill the victim.

*Three*, the defendant acted with premeditation.

*Four*, the defendant's act took place in the State and District of Minnesota.

**Racketeering Activity: Attempted Murder in the Second Degree**

The elements of the underlying racketeering act of attempted murder in the first degree, in violation of Minnesota Code, Section 609.19, 609.17, and 609.05 has three elements:

*One*, the defendant did an act that was a substantial step toward, and more than preparation for, killing the victim.

*Two*, the defendant acted with the intent to kill the victim.

*Three*, the defendant's act took place in the State and District of Minnesota.

"To cause" means to be a substantial factor in causing the death. The defendant is criminally liable for all the consequences of the defendant's actions that occur in the ordinary and natural course of events, including those consequences brought about by one or more intervening causes, if such intervening causes were the

natural result of the defendant's acts.  The fact that other causes contribute to the death does not relieve the defendant of criminal liability.  However, the defendant is not criminally liable if a "superseding cause" caused the death.  A "superseding cause" is a cause that comes after the defendant's acts, alters the natural sequence of events, and produces a result that would not otherwise have occurred.

To find the defendant had an "intent to kill," you must find the defendant acted with the purpose of causing death, or believed the act would have that result.  Intent, being a process of the mind, is not always susceptible to proof by direct evidence, but may be inferred from all the circumstances surrounding the event.

"Premeditation" means the defendant considered, planned, prepared for, or determined to commit the act before the defendant committed it. Premeditation, being a process of the mind, is wholly subjective and hence not always susceptible to proof by direct evidence. It may be inferred from all the circumstances surrounding the event. It is not necessary for premeditation to exist for a specific length of time. While premeditation requires no specific period of time for deliberation, some amount of time must pass between the formation of the intent and the carrying out of the act. A premeditated decision to kill may be reached in a short period of time. However, an unconsidered or rash impulse, even though it includes an intent to kill, is not premeditated.

If the defendant acted with premeditation and with the intent to cause the death of a person other than the deceased, the elements of premeditation and intent

74

to kill are satisfied and may be transferred to another person, even if the defendant did not intend to kill the other person. This concept is known as "transferred intent."

In determining whether or not an act is a substantial step toward the commission of the crime, you must distinguish between preparation for and actually beginning to commit the criminal act. The phrase "more than preparation for" excludes substantial steps that occur beforehand to make ready for the intended offense. Preparation, which may consist of planning the offense or of obtaining or arranging the means for its commission, is not sufficient to constitute a substantial step toward the commission of the crime. An act by a person who intends to commit a crime is an attempt if the act tends directly to accomplish the crime. The act itself need not be criminal in nature and need not be such that, if not interrupted, it must result in the commission of the crime.

In order to prove a substantial step toward the commission of the crime, the government is not required to prove that a substantial step occurred at the time and place of the intended crime.

**Racketeering Activity: Aggravated Robbery**

The underlying racketeering act of aggravated robbery in violation of Minnesota Statutes § 609.245 and 609.05 has five elements:

*One*, the defendant took personal property (from the person of) (or) (in the presence of) a victim;

*Two*, the defendant knew or believed he was not entitled to the property;

*Three*, the defendant used force or the threat of imminent force against a victim to overcome resistance to or overcome the power of resistance to or compel acquiescence in the taking or carrying away of the property;

*Four*, the defendant (was armed with a dangerous weapon) (or) (was armed with any article used or fashioned in a manner to lead the victim to reasonably believe the article to be a dangerous weapon) (or) (inflicted bodily harm on the victim); and

*Five*, the defendant's act took place in the State and District of Minnesota.

**Racketeering Activity: Robbery**

The underlying racketeering act of robbery in violation of Minnesota Statutes § 609.24 has four elements:

*One*, the defendant took personal property (from the person of) (or) (in the presence of) a victim;

*Two*, the defendant knew or believed he was not entitled to the property;

*Three*, the defendant used force or the threat of imminent force against a victim to overcome resistance to or overcome the power of resistance to or compel acquiescence in the taking or carrying away of the property; and

*Four*, the defendant's act took place in the State and District of Minnesota.

**Aiding and Abetting under Minnesota Law:**

A defendant is guilty of the crime of murder in the first degree, attempted murder in the first degree, murder in the second degree, attempted murder in the second degree, aggravated robbery, and robbery, committed by another person if the defendant played an intentional role in aiding the commission of that crime and made

76

no reasonable effort to prevent the crime before it was committed. "Intentional role" includes intentionally aiding, advising, hiring, counseling, conspiring with, or procuring another person to commit the crime.

A defendant's presence or actions constitute intentionally aiding only if:

*First*, the defendant knew that another person was going to commit or was committing a crime; and

*Second*, the defendant intended that his presence or actions aid the commission of that crime.

The defendant is guilty of the crime of murder in the first degree, attempted murder in the first degree, murder in the second degree, attempted murder in the second degree, aggravated robbery, and robbery under Minnesota law, only if the other person commits that crime.

The defendant is not guilty of murder in the first degree, attempted murder in the first degree, murder in the second degree, attempted murder in the second degree, aggravated robbery, and robbery under Minnesota law, unless that crime is actually committed.

The government has the burden of proving beyond a reasonable doubt that a defendant intentionally aided another person in committing the crime of murder in the first degree, attempted murder in the first degree, murder in the second degree, attempted murder in the second degree, aggravated robbery, and robbery under Minnesota law.[53]

---

[53] Minnesota Criminal Jury Instruction Guide § 4.01 (7th ed.).

**Conspiracy under Minnesota Law:**

Under Minnesota law, whoever agrees with another person to commit a crime is guilty of conspiracy if a party to the criminal agreement does an overt act in furtherance of the agreement.

The elements of this crime are:

*First*, the defendant agreed with a co-conspirator to commit the crime of murder in the first degree, attempted murder in the first degree, murder in the second degree, attempted murder in the second degree, aggravated robbery, and robbery.

*Second*, the defendant or another party to the agreement did at least one of the overt acts alleged and did so with the purpose of furthering the agreement.

*Third*, the defendant entered the agreement, or an overt act took place.

The government need not prove that the alleged parties to the conspiracy actually met together or entered a formal agreement to commit a crime. The existence of an agreement may be inferred from all of the evidence tending to show intentionally concerted action to accomplish the commission of a crime. The actions of the conspirators must be the result of a preconceived and mutual intention to commit a crime. If an express agreement to commit a crime is not shown, the actions of each party must show that there was a prior unlawful agreement and negate the idea of a lawful undertaking or purpose.

"Intention to" means that the defendant either had a purpose to do the thing or cause the result specified or believed that the act performed by the defendant, if successful, would cause that result.

It is not necessary that the agreed-upon crime be completed. As long as there was an agreement to commit the crime and an overt act was committed in furtherance of the agreement, the crime of conspiracy is complete.[54] [55]

**Racketeering Activity: Distribution of a Controlled Substance**

The elements of the underlying racketeering act of distributing controlled substances in violation of 21 U.S.C. § 841(a)(1) has two elements:

*One*, the defendant intentionally transferred one or more controlled substances; and

*Two*, at the time of the transfer, the defendant knew that it was a controlled substance.

It is not necessary for the government to prove that the defendant knew the precise nature of the controlled substance that was agreed to be distributed or was distributed. The government must prove beyond a reasonable doubt, however, that the defendant did know that some type of controlled substance was agreed to be distributed or was distributed.[56]

**Racketeering Activity: Conspiracy to Distribute a Controlled Substance**

The elements of the underlying racketeering act of conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846 has three elements:

---

[54] Minnesota Criminal Jury Instruction Guide § 5.01 (7th ed.).

[55] [The United States proposes the highlighted paragraphs of this instruction. The defendants oppose.]

[56] *Id.*

*One*, on or before [insert date], two or more persons reached an agreement or came to an understanding to distribute controlled substances.;

*Two*, the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; and

*Three*, at the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding.

You are instructed, as a matter of law, that fentanyl, methamphetamine, cocaine, oxycodone hydrochloride, and marijuana are controlled substances.

For you to find the defendant guilty of this crime the government must prove all of these elements beyond a reasonable doubt as to that defendant; otherwise you must find the defendant not guilty.[57]

---

[57] Eighth Circuit Model Criminal Jury Instructions §§ 6.18.1962F (2023); Minnesota Criminal Jury Instruction Guide §§ 5.01, 7.01, 7.02, 7.09, 10.01 (7th ed.)

**JURY INSTRUCTION NO. <u>49</u>**

<u>RICO—Agreement Explained</u>

As I previously instructed, the agreement to commit a RICO offense is the essential aspect of a RICO conspiracy offense.

The prosecution must prove beyond a reasonable doubt that the defendant knowingly reached an agreement or understanding with at least one other person to participate, directly or indirectly, in the affairs of an enterprise through a pattern of racketeering activity. However, you don't have to find that any racketeering acts were actually committed.

The agreement or understanding need not be an express or formal agreement or be in writing or cover all the details of how it is to be carried out. Nor is it necessary that the members have directly stated between themselves the details or purpose of the scheme.

You should understand that merely being present at the scene of an event, or merely acting in the same way as others or merely associating with others, does not prove that a person has joined in an agreement or understanding. A person who has no knowledge of a conspiracy but who happens to act in a way which advances some purpose of one does not thereby become a member.

But a person may join in an agreement or understanding, as required by this element, without knowing all the details of the agreement or understanding, and without knowing who all the other members are. Further it is not necessary that a person agree to play any particular part in carrying out the agreement or

81

understanding. A person may become a member of a conspiracy even if that person agrees to play only a minor part in the conspiracy, as long as that person has an understanding of the unlawful nature of the plan and voluntarily and intentionally joins in it.

In determining whether the alleged conspiracy existed you may consider the actions and statements of all the alleged participants. The agreement may be inferred from all the circumstances and the conduct of the alleged participants.

[Acts and statements which are made before the conspiracy began or after it ended are admissible only against the person making them and should not be considered by you against any other defendant.][58]

---

[58] Eighth Circuit Model Criminal Jury Instructions § 6.18.1962C (2023).

<u>Multiple RICO and Drug Conspiracies</u>

The Third Superceding Indictment has alleged a single RICO conspiracy, and a single drug conspiracy. Proof of separate conspiracies with respect to these counts is not be sufficient to meet the Government's burden of proving singular conspiracy for each. If you find the Defendants have engaged in a conspiracy or conspiracies that are separate from the singularly charged conspiracies, you are to find the defendants not guilty.

---

[59] <u>United States v. Hughes</u>, 505 F.3d 578, 587 (6th Cir. 2007)(the purpose of the multiple conspiracy prohibition and instruction is "to prevent the prosecution from convicting the defendant on a different offense, not a lesser variation of the charged offense," and to impose "guilt on an individual defendant involved in one conspiracy from evidence incriminating defendants in a conspiracy in which the particular defendant is not involved"); <u>Kotteakos v. United States</u>, 328 U.S. 750, 776 (1946)(where the conspiracy alleged by the Government charges a "large number of defendants," and has been "broadened to include more and more, [defendants] in various degrees of attachment, the possibility for miscarriage of justice to particular individuals becomes greater and greater"); <u>United States v. Delpit</u>, 94 F.3d 1134, 1148 (8th Cir. 1996)(holding that the multiple conspiracy instruction "when, and only when, the evidence supports it")(citing <u>United states v. Jackson</u>, 67 F.3d. 1359, 1367 (8th Cir. 1995)); Govt. Trial Brief, Docket Entry 1758, at p. 3 (alleging that the Highs "are loosely organized into a series of subunits, or "cliques," that operated somewhat independently of one another"); <u>United States v. Nersesian</u>, 824 F.2d 1294, 1302 (2nd Cir. 1987)(noting the oft-stated principle that "the issue of a single versus multiple conspiracies is one which is committed to the province of a properly instructed jury")(citation omitted). [Defendants propose this instruction. The United States opposes.]

<u>Count Three— Conspiracy to Distribute Controlled Substances – Defined
(Taylor, Robinson, Banks, Brown, and Walker)</u>

The crime of conspiracy to distribute controlled substances, as charged in Count Three of the Indictment, has three elements, which are:

*One,* beginning on or about August 1, 2015 and continuing through on or about April 26, 2023, two or more persons reached an agreement or came to an understanding to distribute fentanyl, cocaine, MDMA, and marijuana;

*Two*, the defendant voluntarily and intentionally joined the agreement or understanding, either at the time it was first reached or at some time later while it was still in effect; and

*Three*, at the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding.

You are instructed that fentanyl, cocaine, MDMA, and marijuana are controlled substances under federal law.

If you find these three elements unanimously and beyond a reasonable doubt, then you must find the defendant guilty of the crime of conspiracy to distribute a controlled substance, as charged in the Indictment.[60]

If you find any of the charged defendants guilty of Count Three, then you must proceed to determine the quantity of any mixture or substance containing a controlled substance that was involved in the conspiracy. The Special Verdict Form lists various

---

[60] Eighth Circuit Model Criminal Jury Instructions, § 6.21.846A (2023).

amounts of controlled substances you must unanimously find were involved in the conspiracy, ranging from: less than 40 grams of a mixture or substance containing a detectable amount of (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide) (a Schedule II controlled substance), commonly known as fentanyl, to 400 grams or more of a mixture or substance containing a detectable amount of (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide) (a Schedule II controlled substance), commonly known as fentanyl. Check the drug quantity which you unanimously agree was involved in the offense. If you agree that the offense involved some quantity of fentanyl, but are unable to agree on the amount, check the entry for the lowest drug quantity. If you unanimously find the defendant not guilty of Count 3, then skip the remaining questions on the Special Verdict Form.

You are instructed that the quantity of controlled substances involved in the agreement or understanding includes controlled substances that the defendant possessed for personal use, distributed, or agreed to distribute. The quantity also includes controlled substances fellow conspirators distributed or agreed to distribute, if you find that those distributions or agreements to distribute were a necessary or natural consequence of the agreement or understanding and were reasonably foreseeable by the defendant.[61]

---

[61] Eighth Circuit Model Criminal Jury Instructions, §§ 3.09 and 6.21.846A.1 (modified) (2023).

**JURY INSTRUCTION NO. <u>51</u>**

<u>Count Six and Count Seven – Possession of a Firearm in Furtherance of a Drug Trafficking Offense (Robinson and Taylor)</u>

The crime of possessing a firearm in furtherance of a drug trafficking crime as charged in Counts Six and Seven of the Indictment has two elements:

*One*, the defendant committed the crime[1] of conspiracy to distribute controlled substances as charged in Count Three of the Indictment; and

*Two*, the defendant knowingly possessed a firearm in furtherance of that crime.

The phrase "in furtherance of" means furthering, advancing, or helping forward. This means the government must prove that the defendant possessed the firearm with the intent that it advance, assist or help commit the crime, but the government need not prove that the firearm actually did so.[62]

---

[62] Eighth Circuit Model Criminal Jury Instructions § 6.18.924C.1 (2023).

86

**JURY INSTRUCTION NO. <u>52</u>**

<u>Count Nine – Distribution of a Controlled Substance (Walker)</u>

The crime of distributing fentanyl, as charged in Count Nine of the Indictment, has two elements, which are:

One, the defendant intentionally transferred fentanyl to another person; and

Two, at the time of the transfer, the defendant knew that it was a controlled substance.[63]

---

[63] Eighth Circuit Model Criminal Jury Instructions § 6.21.841B (2023).

**JURY INSTRUCTION NO. <u>53</u>**

<u>Count Ten – Possession with Intent to Distribute a Controlled Substance (Walker)</u>

The crime of possession of fentanyl with intent to distribute, as charged in Count Ten the Indictment, has three elements:

One, the defendant was in possession of fentanyl;

Two, the defendant knew that he was in possession of fentanyl; and

Three, the defendant intended to distribute some or all of the fentanyl to another person.[64]

---

[64] Eighth Circuit Model Criminal Jury Instructions § 6.21.841A (2023).

**JURY INSTRUCTION NO. <u>54</u>**

<u>Aiding and Abetting</u>

A person may also be found guilty of Distribution of a Controlled Substance and Possession with Intent to Distribute a Controlled Substance even if he personally did not do every at constituting the offense charged, if he aided and abetted the commission of those principal offenses.

In order to have aided and abetted the commission of a crime a person must, before or at the time the crime was committed,:

*One,* have known the principal offense was being committed or going to be committed;

*Two,* have had enough advance knowledge of the extent and character of the principal offense that he was able to make the relevant choice to walk away from those offense before all elements of the offenses were complete; and

*Three,* have knowingly acted in some way for the purpose of causing, encouraging, or aiding the commission of the principal offense; and

*Four,* have the requisite mental state required by the principal offense.

For you to find the defendant guilty of Distribution of a Controlled Substance and/or Possession with Intent to Distribute a Controlled Substance by reason of aiding and abetting, the government must prove beyond a reasonable doubt that all of the elements of those principal offenses were committed by some person or persons and that the defendant aided and abetted the commission of that crime.[65]

---

[65] Eighth Circuit Model Criminal Jury Instructions § 5.01 (2023).

**DEFENDANTS' REQUESTED INSTRUCTION**

Buyer/Seller Distinct from Conspiracy

Proof of a buyer/seller relationship, without more, is not sufficient to prove the buyer participated in the two conspiracies alleged in this case. When the buyer has not ordered the narcotics, the narcotics that are possessed can be used for personal purposes, and where there is, for the particular Defendant, limited knowledge of the activities of his alleged co-conspirators in securing the narcotics, you may consider the buyer/seller defense as a complete defense to the charged conspiracies. Once the buyer/seller defense is raised, the Government must disprove the defense with proof beyond a reasonable doubt. [66]

---

[66] United States v. Prieskorn, 658 F.2d 631, 635-36 (8th Cir. 1981); United States v. Cabbell, 35 F.3d 1255, 1259 (8th Cir. 1994). [Defendants propose this instruction. The United States opposes.]

90

**DEFENDANTS' REQUESTED INSTRUCTION**

First Amendment Defense – the Right of Assembly

The Defendants raise a First Amendment Defense to the RICO charges and the Overt Acts alleged. Purported members of street gangs possess constitutional rights. You are instructed that there is a First Amendment right that each defendant has to assemble and to associate with one another. The right of assembly and association includes the right to attend memorials and funerals, to appear in rap videos, and to be with friends and family from the neighborhood in which the Defendants were born and raised. Put another way, the First Amendment protects the Defendants' rights to assemble and associate to pursue cultural and social ends including friendship. But the Amendment does not excuse criminal conduct committed during the assembly or association.

Once the First Amendment Defense is asserted, the Government is required to prove, beyond a reasonable doubt, that the Defendants' rights of assembly and association, as charged in the Overt Acts on the Third Superseding Indictment, were not protected by their First Amendment rights. [67]

---

[67] Citizens United v. Federal Election Commission, 558 U.S. 310, 327 (2010) (requiring the defendants be given "the benefit of the doubt" as to their claim of First Amendment defense); Snyder v. Phelps, 562 U.S. 443, 448 (2011)(upholding the defendants' right to utter offensive and hurtful language and assemble while doing so); National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 263 (1994)(Justice Souter concurring, noting the application of First Amendment defense to a RICO allegation); Speiser v. Randall, 357 U.S. 513, 527 (1958) (noting the burden shifting to the Government once the defense is raised). [Defendants propose this instruction. The United States opposes.]

91

**DEFENDANTS' REQUESTED INSTRUCTION**

<u>First Amendment Defense – The Right of Free Speech</u>

The Defendants' First Amendment rights include the right to speak freely. The Defendants may not be penalized for their free speech, even if you find the speech to be offensive, obscene, or hurtful to another, or unpopular. What is not protected by the First Amendment are threats that are actual and intended by the Defendant uttering the same. When considering whether the Defendants' speech is protected, you are not to evaluate that speech from the view of how a reasonable person would interpret what is said. The test is not whether or not you, as jurors, would have said the same things using the same language. Rather, you must evaluate an actual or intended threat is a threat where the defendant consciously accepts a substantial risk of inflicting serious harm. The threat cannot be idle. That the Defendant hears of a threat does not mean that the Defendant accepted the threat as his own. Violently graphic language and imagery, stated without the intention to act upon that language, is protected speech. Remember that guilt is individual.

Once the First Amendment Defense is asserted, the Government is required to prove, beyond a reasonable doubt, that the Defendants' rights of free speech, as charged in the Overt Acts of the Third Superseding Indictment, was not protected by their First Amendment rights.[68]

---

[68] <u>Counterman v. Colorado</u>, 143 S.Ct. 2106, 2118 (2023) (denoting the standard); <u>Elonis v. United States</u>, 575 U.S. 723, 730 (2015)(discussing the requirement of actuality); <u>United States v. Larson</u>, 807 F. Supp. 2d 142, 165 (W.D. N.Y. 2011)(holding the First Amendment defense is to be resolved at trial); <u>National Organization for Women, Inc. v. Scheidler</u>, 510 U.S. 249, 263 (1994) (Justice Souter

# JURY INSTRUCTION NO. <u>55</u>

<u>Proof of Intent or Knowledge</u>

Intent or knowledge may be proved like anything else. You may consider any statements made and acts done by a defendant, and all the facts and circumstances in evidence which may aid in a determination of a defendant's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.[69]

concurring, noting the application of First Amendment defense to a RICO allegation); <u>Speiser v. Randall</u>, 357 U.S. 513, 527 (1958) (noting the burden shifting to the Government once the defense is raised); <u>United States v. Parker</u>, 871 F.3d 590, 605-607 (8th Cir. 2017) (recognizing the First Amendment defense protected unpopular ideas but not actual threats). [Defendants propose this instruction. The United States opposes.]

[69] Eighth Circuit Model Criminal Jury Instructions § 7.05 (2023).

**JURY INSTRUCTION NO. <u>56</u>**

<u>Give Each Defendant Separate Consideration</u>

It is your duty to give separate and personal consideration to the case of each defendant. When you do so, you should analyze what the evidence in the case shows with respect to that defendant leaving out of consideration entirely any evidence admitted solely against some other defendant or defendants.

Each defendant is entitled to have his case determined from evidence as to his own acts, statements, and conduct and any other evidence in the case which may be applicable to him.

The fact that you return a verdict of guilty or not guilty to one defendant should not, in any way, affect your verdict regarding any other defendant.[70]

---

[70] *United States v. McArthur, et al.*, No. 12-cr-26-JRT, ECF 1072 (Mar. 12, 2013)(Instruction No. 26); O'Malley, Grenig and Lee; Federal Jury Practice and Instructions-Criminal, §12:14 (6th Edition).

# JURY INSTRUCTION NO. <u>57</u>

<u>Duties of Jury—at the Close of Case</u>

Throughout your deliberations, you can and should discuss with each other the evidence and the law that was presented in this case, but you must still not communicate with anyone else by any means about the case. You also cannot learn anything from outside sources about the case, the matters in the case, the legal issues in the case, or individuals or other entities involved in the case. This means you may still not use any electronic device or media (such as a phone, computer, or tablet), the internet, any text or instant messaging service, or any social media apps (such as Twitter, Facebook, Instagram, LinkedIn, YouTube, WhatsApp, Snapchat, Tiktok, and NextDoor) to research or communicate about what you've seen and heard in this courtroom.

These restrictions continue during deliberations because it is essential, under our Constitution, that you decide this case based solely on the evidence and law presented in this courtroom. Information you find electronically might be incomplete, misleading, or inaccurate. And, as I noted in my instructions at the start of the trial, even using your smartphones, tablets, and computers - and the news and social media apps on those devices – may inadvertently expose you to certain notices, such as pop-ups or advertisements, that could influence your consideration of the matters you've heard about in this courtroom.

You are permitted to discuss the case with only your fellow jurors during deliberations because they have seen and heard the same evidence and instructions

on the law that you have, and it is important that you decide this case solely on the evidence presented during the trial, without undue influence by anything or anyone outside of the courtroom. For this reason, I expect you to inform me at the earliest opportunity, should you learn about or share any information about this case outside of this courtroom or the jury room, or learn that another juror has done so.[71]

---

[71] Eighth Circuit Model Criminal Jury Instructions § 2.25 (2023).