| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **GOVERNMENT'S** |
| | ) | **THIRTEENTH MOTION** |
| TYREESE GILES (6), | ) | **IN LIMINE TO** |
| | ) | **EXCLUDE** |
| JOSIAH TAYLOR (7), | ) | **INADMISSIBLE** |
| | ) | **EXPERT TESTIMONY** |
| TREVAUN ROBINSON (10), | ) | |
| | ) | |
| WILLIAM BANKS (19), | ) | |
| | ) | |
| GREGORY BROWN (26), | ) | |
| | ) | |
| MARQUES WALKER (27), | ) | |
| | ) | |
| Defendants. | | |

The United States of America by and through its attorneys, Lisa D. Kirkpatrick, Acting United States Attorney for the District of Minnesota, and Assistant United States Attorneys Thomas Calhoun-Lopez and Carla J. Baumel, and David L. Jaffe, Chief of the Violent Crime and Racketeering Section of the Department of Justice, and Trial Attorneys Brian W. Lynch and Alyssa Levey-Weinstein, respectfully submits its second consolidated motions

in limine in connection with the trial that begins on May 12, 2025 for the above named defendants.[1]

**13.** ***Government's Thirteenth Motion—Motion to Exclude Testimony of Ferome Brown and Jeffrey Grell***

The United States moves to exclude the testimony of Ferome Brown and Jeffrey Grell. Defendant Gregory Brown has indicated that he intends to call Ferome Brown and Prof. Grell as witnesses at trial. Brown provided the following about the witnesses:

Brown stated that Ferome Brown "will testify regarding his extensive knowledge of the history of the North Side of Minneapolis, and expressly as it pertains to Mr. Gregory Brown's childhood activities in the North Side before and after he relocated to Houston, Texas, and he has ample of knowledge of Gregory Brown's outstanding character and general peaceability."

Brown stated that Prof. Grell of the University of Minnesota "is an internationally renowned expert on RICO allegations and the lack of nexus between Mr. Gregory Brown's activities and any conduct qualifying as RICO-related."

---

[1] For purposes of organization and consistency, the United States will continue sequentially from its first consolidated motions (1–12) in ECF No. 1926.

a.	*Brown has not met his expert disclosure obligations.*

At the outset, the United States moves to exclude the testimony because Brown has not met his disclosure obligations regarding expert testimony pursuant Rule 16.

Brown appears to intend to elicit expert testimony from these witnesses. When a defendant intends to offer expert testimony, he or she must, at the government's request, disclose

- a complete statement of all opinions that the government will elicit from the witness in its case- in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under (b)(1)(C);

- the bases and reasons for them;

- the witness's qualifications, including a list of all publications authored in the previous 10 years; and

- a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition.

Fed. R. Crim. Proc. 16(b)(1)(C)(i).[2]  The United States therefore requests that the Court exclude the testimony.

b.	*The testimony is inadmissible regardless.*

Even if Brown had met his Rule 16 obligations, the testimony is separately inadmissible.

---

[2] The United States made specific requests for materials regarding these witnesses on 4/29/2025 and 4/30/2025.

The United States assumes that Ferome Brown would testify consistently with Odell Wilson (since codefendant Dantrell Johnson provided notice of intent to call both witnesses and advance similar testimony in the first trial). As the United States noted in its 11th motion in limine (ECF No. 1926 at 38–42), testimony regarding the make-up and structure of the Highs gang is inadmissible unless Brown is unable to establish a foundation. He has not done so, and the United States has difficulty conceiving how an outsider who has never investigated or otherwise been directly involved with the Highs could. And testimony about what a gang is (and is not) is not only speculative, but also invades the province of the jury. *See United States v. Nickelous*, 916 F.3d 721, 724 (8th Cir. 2019) (upholding exclusion of proposed expert testimony because "it would not assist the trier of fact" and would intrude upon "the exclusive province of the jury."). Even if the testimony were not speculative and improper, it would be inconsistent with the law governing RICO conspiracy:

> An association-in-fact enterprise need not have a hierarchical structure or a "chain of command." Decisions may be made on an ad hoc basis and by any number of methods, including by consensus or show of strength. Members of the group need not have fixed roles. Different members may perform different roles at different times. The group need not have a name, regular meetings, dues, established rules and regulations, disciplinary procedures, or induction or initiation ceremonies. While the group must function as a continuing unit and remain in existence long enough to pursue a course of conduct, an enterprise's associates may engage in spurts of activity punctuated by periods of

inactivity. An enterprise is not limited to groups whose crimes are sophisticated, diverse, complex, or unique.

(Jury Instruction No. 20, pp. 24 – 25, relying upon *Boyle v. United States,* 556 U.S. 938, 946 (2009).)

To the extent that Prof. Grell's testimony is known, it is likewise inadmissible. Prof. Grell will apparently testify as to the "the lack of [RCIO] nexus between Mr. Gregory Brown's activities and any conduct qualifying as RICO-related." Such testimony is inadmissible. It is self-evident that a witness cannot testify that a defendant is guilty or not guilty as a matter of law. It is likewise clear that a witness may not testify about elements, nexus, or any other aspect of the law. Expert testimony "on legal matters is not admissible." *United States v. Tavlin*, No. 22-cr-13413 (DWF/JFD), 2024 WL 358159, at *1 (D. Minn. Jan. 31, 2024) (quoting *S. Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003)). "Such testimony usurps the role of the judge in instructing the jurors on the law." *Id.*

The United States therefore requests that the Court exclude testimony from both witnesses.

*/s/ Brian W. Lynch*
BRIAN W. LYNCH
Trial Attorney
Ohio Bar No. 86245
Violent Crime and Racketeering Section
U.S. Department of Justice
Washington, DC 20530

5

*/s/ Alyssa Levey-Weinstein*
ALYSSA LEVEY-WEINSTEIN
Trial Attorney
NJ Bar No. 338742021
Violent Crime and Racketeering Section
U.S. Department of Justice
Washington, DC 20530


*/s/ Thomas Calhoun-Lopez*
THOMAS CALHOUN-LOPEZ
Assistant United States Attorney
DC Bar No. 480908DC
United States Attorneys' Office
District of Minnesota
Minneapolis, Minnesota 55415


*/s/ Carla J. Baumel*
CARLA J. BAUMEL
Assistant United States Attorney
Minnesota Bar No. 0504848
United States Attorneys' Office
District of Minnesota
Minneapolis, Minnesota 55415