**JURY INSTRUCTION NO. 1**

Introduction

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because all are important. This is true even though some of those I gave you at the beginning of or during trial are not repeated here.

The instructions I am about to give you now, as well as those I gave you earlier, are in writing and will be available to you in the jury room. Again, all instructions, whenever given and whether in writing or not, must be followed.

## JURY INSTRUCTION NO. 2

Duty of Jury

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

You should not be influenced by any person's race, color, ethnicity, national origin, religion, gender, gender identity, sexual orientation, disability, or economic circumstances. You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy, or biases, including unconscious bias. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may express without conscious awareness, control, or intention. Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.

The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

.

## JURY INSTRUCTION NO. 3

Evidence; Limitations

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses, the documents, other things received as exhibits, and any facts that have been stipulated to—that is, formally agreed to by the parties.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I will list those things again for you now:

1. Statements, arguments, and questions by lawyers are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4. Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

**JURY INSTRUCTION NO. 4**

Evidence Admitted Against Only One Defendant

As you know, there are five defendants on trial here: Tyreese Giles, Josiah Taylor, Trevaun Robinson, William Banks, Gregory Brown. Each defendant is entitled to have his case decided solely on the evidence which applies to him. Some of the evidence in this case applies only to one specific defendant at a time; you may not consider that evidence against the other defendants to whom it does not directly apply. You must not consider that evidence when you are deciding if the government has proved, beyond a reasonable doubt, its case against the other defendants.

## JURY INSTRUCTION NO. 5

Statement of One Defendant in Multi-Defendant Trial

You may consider the statements of a defendant only in the case against that specific defendant, and not against the other defendants. You may not consider or discuss a defendant's statement in any way when you are deciding if the United States proved, beyond a reasonable doubt, its case against the other defendants.

## JURY INSTRUCTION NO. 6

Credibility of Witnesses

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

**JURY INSTRUCTION NO. 7**

Credibility of a Witness Who is a Drug Abuser

You have heard testimony from Jovan Knight who stated that he is a drug abuser. The testimony of a drug abuser must be examined and weighed by the jury with greater care than the testimony of a witness who does not abuse drugs.

The jury must determine whether the testimony of the drug abuser has been affected by drug use or the need for drugs.

## JURY INSTRUCTION NO. 8

Description of Charges; Indictment Not Evidence; Presumption of Innocence; Burden of Proof (Multiple Defendants, Multiple Counts)

The Indictment in this case charges the defendants with different crimes.

Defendants Giles, Taylor, Robinson, Banks, and Brown are each charged with the crime of Racketeer Influenced and Corrupt Organizations (RICO) Conspiracy. Defendants Taylor, Robinson, Banks, and Brown are each charged with the crime of Conspiracy to Distribute Controlled Substances. Defendants Taylor and Robinson are each charged with the crime of Possession of a Firearm in Furtherance of Drug Trafficking.

Each defendant has pleaded not guilty to each of those charges.

The Indictment is simply the document that formally charges the defendants with the crimes for which they are on trial. The Indictment is not evidence. At the beginning of the trial, I instructed you that you must presume the defendants to be innocent. Thus, the defendants began the trial with a clean slate, with no evidence against them.

The presumption of innocence alone is sufficient to find each defendant not guilty of each count. This presumption can be overcome as to each charge only if the government proved during the trial, beyond a reasonable doubt, each element of that charge.

Keep in mind that you must give separate consideration to the evidence about each individual defendant. Each defendant is entitled to be treated separately, and you must

return a separate verdict for each defendant. Also keep in mind that you must consider, separately, each crime charged against each individual defendant, and you must return a separate verdict for each of those crimes charged.

There is no burden upon a defendant to prove that he or she is innocent. Instead, the burden of proof remains on the government throughout the trial.

The fact that a defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdict.

## JURY INSTRUCTION NO. 9

Elements of the Offense – Burden of Proof

If, for any given count charged in the Indictment, each element of that charged offense has been proved beyond a reasonable doubt as to a defendant, then you must find that defendant guilty of the crime changed under that count. Otherwise, you must find that defendant not guilty of the crime charged under that count.

## **JURY INSTRUCTION NO. 10**

Reasonable Doubt

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

## JURY INSTRUCTION NO. 11

Venue

The government must prove it is more likely true than not true that the offenses charged were begun, continued or completed in the District of Minnesota. You decide these facts by considering all of the evidence and deciding what evidence is more believable. This is a lower standard than proof beyond a reasonable doubt.

## JURY INSTRUCTION NO. 12

Date of Crime Charged

The indictment charges that the RICO Conspiracy count was committed "on or about" between 2014 and 2025; that the Conspiracy to Distribute Controlled Substances count was committed "on or about" between 2015 and 2023; that the Possession of a Firearm in Furtherance of Drug Trafficking count charged against Mr. Taylor was committed "on or about" June 10, 2022; and that the Possession of a Firearm in Furtherance of Drug Trafficking count charged against Mr. Robinson was committed "on or about" August 10, 2022. The government must prove that the offenses happened reasonably close to those timeframes but is not required to prove the alleged offense happened on those exact dates.

**JURY INSTRUCTION NO. 13**

Testimony of Accomplice

You have heard testimony from Avante Nix and Jovan Knight who stated that they participated in the crime charged against the defendants. Their testimony was received in evidence and may be considered by you. You may give their testimony such weight as you think it deserves. Whether or not their testimony may have been influenced by their desire to please the government or to strike a good bargain with the government about their own situation is for you to determine.

**JURY INSTRUCTION NO. 14**

Credibility – Cooperating Witness and Testimony Under Plea Bargain

You have also heard evidence that Avante Nix and Jovan Knight hope to receive a reduced sentence on criminal charges pending against them in return for their cooperation with the government in this case. Avante Nix and Jovan Knight entered into plea agreements with the government that provide, among other things, an agreement that the government will recommend a less severe sentence than they would have faced if they had not cooperated. The Court has no power to reduce a sentence for substantial assistance unless the government, acting through the United States Attorney, files such a motion. If such a motion is filed by the government, then it is up to the Court to decide whether to reduce the sentence at all, and if so, how much to reduce it.

You may give the testimonies of Avante Nix and Jovan Knight such weight as you think they deserve. Whether or not testimony of a witness may have been influenced by their hope of receiving a reduced sentence is for you to decide.

Finally, the guilty pleas of Avante Nix and Jovan Knight cannot be considered by you as any evidence of the defendants' guilt. The guilty pleas of Avante Nix and Jovan Knight can be considered by you only for the purpose of determining how much, if at all, to rely upon their testimonies.

**JURY INSTRUCTION NO. 15**

Eyewitness Testimony

The value of identification testimony depends on the opportunity the witness had to observe the offender at the time of the offense and to make a reliable identification later. Eyewitness identification must be evaluated with particular care.

In evaluating such testimony, you should consider all of the factors mentioned in these instructions concerning your assessment of the credibility of any witness, and you should also consider, in particular, whether the witness had an adequate opportunity to observe the person in question at the time of the offense and whether the identification is reliable. You may consider, in that regard, such matters as the witness's eyesight and ability to observe the person in question under the circumstances, the length of time the witness had to observe the person in question, any intoxication or other impairment of the witness at the time the witness observed the person in question, the prevailing conditions at that time in terms of lighting, visibility or distance and the like, whether the witness had known or observed the person at earlier times, and any description provided by the witness after the event and before identifying the defendant. Factors that bear on the likelihood of misidentification include the passage of time between the witness's exposure to the person in question and identification of the defendant, whether the witness was under stress when they first encountered the person in question, whether

the person in question carried a weapon, and the race of the person in question and the witness.

You should also consider whether the identification made by the witness after the offense was the product of their own recollection. You may consider, in that regard, the strength of the identification, and the circumstances under which the identification was made, keeping in mind that a witness may be certain but mistaken.

The government has the burden of proving identity beyond a reasonable doubt. It is not essential that the witness be free from doubt as to the correctness of the identification. However, you, the jury, must be satisfied beyond a reasonable doubt of the accuracy of the identification of a defendant before you may find that defendant guilty. If you are not convinced beyond a reasonable doubt that a defendant was the person who committed the crime, you must find that defendant not guilty.

**JURY INSTRUCTION NO. 16**

Opinion Evidence – Expert Witness

You have heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education or experience, have become an expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony. You may accept or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

## JURY INSTRUCTION NO. 17

Rule 1006 Summary Charts

You will remember that certain summary charts were admitted in evidence. You may use those summary charts as evidence, even though the underlying documents and records are not here.

**JURY INSTRUCTION NO. 18**

Conspiracy: Co-conspirator Acts and Statements

If you determined that an agreement existed and the defendant joined the agreement, then acts and statements knowingly done or made by a member of the agreement during the existence of the agreement and in furtherance of it, may be considered by you as evidence pertaining to the defendant, even though the acts and statements were done or made in the absence of and without the knowledge of the defendant. This includes acts done or statements made before the defendant joined the agreement, because a person who knowingly, voluntarily and intentionally joins an existing conspiracy becomes responsible for all of the conduct of the co-conspirators from the beginning of the conspiracy.

**JURY INSTRUCTION NO. 19**

Count One—RICO Conspiracy

Count One of the Indictment charges that from 2014 through on or about 2025, defendants Giles, Taylor, Robinson, Banks, and Brown, knowingly conspired and agreed with others, known and unknown, to conduct and participate, directly and indirectly, in the conduct of the affairs of an enterprise, namely, the Highs, through a pattern of racketeering activity.

The crime of conspiracy to participate, directly or indirectly, in the affairs of an enterprise through a pattern of racketeering activity as charged in the Indictment has five elements, which are:

*One*, an enterprise existed;

*Two*, the enterprise was engaged in or had some effect on interstate commerce;

*Three*, the defendant was associated with the enterprise;

*Four*, that on or about 2014 through 2025 two or more persons reached an agreement or came to an understanding to conduct or participate in the affairs of the enterprise, directly or indirectly, through a pattern of racketeering activity; and

*Five*, that the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in existence, and at the time the defendant joined in the agreement or understanding he specifically intended to otherwise participate in the affairs of the enterprise.

For you to find a defendant guilty of this crime the government must prove all of these elements beyond a reasonable doubt as to that defendant; otherwise you must find that defendant not guilty.

**JURY INSTRUCTION NO. 20**

RICO—Agreement Explained

The government must prove beyond a reasonable doubt that the defendant knowingly reached an agreement or understanding with at least one other person to conduct or participate, directly or indirectly, in the affairs of an enterprise through a pattern of racketeering activity. However, you don't have to find that any racketeering acts were actually committed.

The agreement or understanding need not be an express or formal agreement or be in writing or cover all the details of how it is to be carried out. Nor is it necessary that the members have directly stated between themselves the details or purpose of the scheme.

You should understand that merely being present at the scene of an event, or merely acting in the same way as others or merely associating with others, does not prove that a person has joined in an agreement or understanding. A person who has no knowledge of a conspiracy but who happens to act in a way which advances some purpose of one does not thereby become a member.

But a person may join in an agreement or understanding, as required by this element, without knowing all the details of the agreement or understanding, and without knowing who all the other members are. Further it is not necessary that a person agree to play any particular part in carrying out the agreement or understanding. A person may

become a member of a conspiracy even if that person agrees to play only a minor part in the conspiracy, as long as that person has an understanding of the unlawful nature of the plan and voluntarily and intentionally joins in it.

In determining whether the alleged conspiracy existed you may consider the actions and statements of all the alleged participants. The agreement may be inferred from all the circumstances and the conduct of the alleged participants.

Acts and statements which are made before the conspiracy began or after it ended are admissible only against the person making them and should not be considered by you against any other defendant.

**JURY INSTRUCTION NO. 21**

Conspiracy: Withdrawal

If a person enters into an agreement but withdraws from that agreement before anyone has committed an act in furtherance of it, then the crime of conspiracy was not complete at that time and the person who withdrew must be found not guilty of the crime of conspiracy.

In order for you to find that a person withdrew from a conspiracy, you must find that the person took a definite, positive step to disavow or defeat the purpose of the conspiracy. Merely stopping activities or a period of inactivity is not enough. That person must have taken such action before any member of the scheme had committed any act in furtherance of the conspiracy.

The defendant has the burden of proving that he withdrew from the conspiracy, which means proving it is more likely true than not true that the defendant withdrew from the conspiracy. You decide that by considering all the evidence and deciding what evidence is more believable on the question of whether the defendant withdrew from the conspiracy. This is a lower standard than proof beyond a reasonable doubt.

**JURY INSTRUCTION NO. 22**

"Enterprise" Defined

An enterprise includes any individual, partnership, corporation, association, or other legal entity, in any union or group of individuals associated in fact, although not a legal entity.

The term "enterprise," as used in these instructions, may include a group of people associated in fact, even though this association is not recognized as a legal entity. A group or association of people can be an enterprise if these individuals have joined together for the purpose of engaging in a common course of conduct. This group of people, in addition to having a common purpose, must have personnel who function as a continuing unit. This group of people does not have to be a legally recognized entity, such as a partnership or corporation. Such an association of individuals may retain its status as an enterprise even though the membership of the association changes by adding or losing individuals during the course of its existence.

An association-in-fact enterprise need not have a hierarchy or a "chain of command." Decisions may be made on an ad hoc basis and by any number of methods, including by consensus or show of strength. Members of the group need not have fixed roles. Different members may perform different roles at different times. The group need not have a name, regular meetings, dues, established rules and regulations, disciplinary procedures, or induction or initiation ceremonies. While the group must function as a

continuing unit and remain in existence long enough to pursue a course of conduct, an enterprise's associates may engage in spurts of activity punctuated by periods of inactivity. An enterprise is not limited to groups whose crimes are sophisticated, diverse, complex, or unique.

The government must also prove that the association had a structure distinct from that necessary to conduct the pattern of racketeering activity.

**JURY INSTRUCTION NO. 23**

Associated with the Enterprise

The government must prove that the defendant was "associated with" the enterprise about which I instructed you. The term "associated with" should be given its plain meaning. As Webster's Third New International Dictionary (1971 ed.) states, "associate" means "to join, often in a loose relationship as a partner, fellow worker, colleague, friend, companion, or ally . . . to join or connect with one another." Therefore, a person is "associated with" an enterprise when, for example, he joins with other members of the enterprise and knowingly aids or furthers the activities of the enterprise, or he conducts business with or through the enterprise.

It is not required that the defendant agree that the defendants or any particular conspirator was "associated with" the enterprise for the entire time the enterprise existed. The government also is not required to prove that the defendant agreed that any particular conspirator had a formal position in the enterprise, participated in all the activities of the enterprise, had full knowledge of all the activities of the enterprise, or knew about the participation of all the other members of the enterprise.

## JURY INSTRUCTION NO. 24

Enterprise—Interstate Commerce

The government must prove beyond a reasonable doubt that the RICO enterprise was engaged in, and its activities affected, interstate commerce. "Interstate commerce" means trade or conducting business or travel between one state and another state or the District of Columbia. Therefore, interstate commerce may include the movement of money, goods, services, or persons from one state to another state or the District of Columbia. This may include, among other matters, the purchase or sale of goods or supplies from outside the state in which the enterprise was located, the use of interstate mail or wire facilities, or the causing of any of those things.

To establish the requisite effect on interstate commerce, the government is not required to prove a significant or substantial effect on interstate commerce. Rather, a minimal effect on interstate commerce is sufficient.

It is not necessary for the government to prove that the individual racketeering acts themselves affected interstate commerce; rather, it is the enterprise and its activities considered in their entirety that must be shown to have that effect. On the other hand, this effect on interstate commerce may be established through the effect caused by the individual racketeering acts.

Moreover, it is not necessary for the government to prove that the defendant knew that the enterprise affected or would affect interstate commerce, that the defendant

intended to affect interstate commerce, or that the defendant was or would be engaged in, or his activities affected or would affect, interstate commerce.

To satisfy this element, the government need only prove beyond a reasonable doubt that the activities of the enterprise considered in their entirety had some minimal effect on interstate commerce.

**JURY INSTRUCTION NO. 25**

Conduct or Participate in the Conduct of the Affairs of the Enterprise

A person conducts or participates in the conduct of the affairs of an enterprise if that person uses his position in, or association with the enterprise, to participate in the operation or management of the enterprise itself, or to perform acts which are involved in some way in the operation or management of the enterprise, directly or indirectly, or if the person causes another to do so. A person participates in the operation of the affairs of the enterprise if he has some part in directing those affairs. An enterprise may be "operated" not just by upper management but also by lower rung participants in the enterprise who are under the direction of upper management.

## JURY INSTRUCTION NO. 26

RICO—Pattern of Racketeering

A pattern of racketeering activity contains three elements, the government must prove beyond a reasonable doubt:

*First*, at least two acts of racketeering were agreed to be committed within ten years of each other. Racketeering acts include murder in the first degree in violation of Minnesota law, murder in the second degree in violation of Minnesota law, attempted murder in violation of Minnesota law, aiding and abetting murder in violation of Minnesota law, robbery in violation of Minnesota law, aggravated robbery in violation of Minnesota law, attempted robbery in violation of Minnesota law, and aiding and abetting robbery in violation of Minnesota law; distributing controlled substances in violation of federal law and conspiring to distribute controlled substances in violation of federal law.

*Second*, the racketeering acts had the same or similar purpose, results, participants, victims, or methods of commission, or are interrelated by distinguishing characteristics and are not isolated events; and

*Third*, the racketeering acts themselves amount to or otherwise constitute a threat of continued activity. Continued activity is sufficiently established when predicate acts can be attributed to a defendant operating as part of a long-term association that exists

for criminal purposes or when racketeering acts were a regular way of conducting the defendant's ongoing legitimate business.

To convict defendants Giles, Taylor, Robinson, Banks, or Brown of RICO conspiracy, your verdict must be unanimous as to which type or types of predicate racketeering activity each defendant agreed would be committed; for example, at least two acts of murder, robbery, drug trafficking, or any combination thereof.

The following are the elements for each type of racketeering activity charged in the RICO Conspiracy count.

**<u>Racketeering Activity: First Degree Murder</u>**

The underlying racketeering act of murder in the first degree in violation of Minnesota law has five elements:

*One*, the death of the victim must be proven.

*Two*, the defendant or a conspirator caused the death of the victim.

*Three*, the defendant or a conspirator acted with the intent to kill the victim.

*Four*, the defendant or a conspirator acted with premeditation.

*Five*, the defendant's or conspirator's act took place in the State and District of Minnesota.

**<u>Racketeering Activity: Second Degree Murder</u>**

The underlying racketeering act of murder in the second degree in violation of Minnesota law has four elements:

*One*, the death of the victim must be proven.

*Two*, the defendant or a conspirator caused the death of the victim.

*Three*, the defendant or a conspirator acted with the intent to kill the victim.

*Four*, the defendant's or a conspirator's act took place in the State and District of Minnesota.

**Racketeering Activity: Attempted Murder in the First Degree**

The elements of the underlying racketeering act of attempted murder in the first degree, in violation of Minnesota law has four elements:

*One*, the defendant or a conspirator did an act that was a substantial step toward, and more than preparation for, killing the victim.

*Two*, the defendant or a conspirator acted with the intent to kill the victim.

*Three*, the defendant or a conspirator acted with premeditation.

*Four*, the defendant's or a conspirator's act took place in the State and District of Minnesota.

**Racketeering Activity: Attempted Murder in the Second Degree**

The elements of the underlying racketeering act of attempted murder in the second degree, in violation of Minnesota law has three elements:

*One*, the defendant or a conspirator did an act that was a substantial step toward, and more than preparation for, killing the victim.

*Two*, the defendant or a conspirator acted with the intent to kill the victim.

*Three*, the defendant's or a conspirator's act took place in the State and District of Minnesota.

"To cause" means to be a substantial factor in causing the death. The defendant or a conspirator is criminally liable for all the consequences of the defendant's or a conspirator's actions that occur in the ordinary and natural course of events, including those consequences brought about by one or more intervening causes, if such intervening causes were the natural result of the defendant's or a conspirator's acts. The fact that other causes contribute to the death does not relieve the defendant or a conspirator of criminal liability. However, the defendant or a conspirator is not criminally liable if a "superseding cause" caused the death. A "superseding cause" is a cause that comes after the defendant's or a conspirator's acts, alters the natural sequence of events, and produces a result that would not otherwise have occurred.

To find the defendant or a conspirator had an "intent to kill," you must find the defendant or a conspirator acted with the purpose of causing death, or believed the act would have that result. Intent, being a process of the mind, is not always susceptible to proof by direct evidence, but may be inferred from all the circumstances surrounding the event.

"Premeditation" means the defendant or a conspirator considered, planned, prepared for, or determined to commit the act before the defendant or a conspirator committed it. Premeditation, being a process of the mind, is wholly subjective and hence

not always susceptible to proof by direct evidence. It may be inferred from all the circumstances surrounding the event. It is not necessary for premeditation to exist for a specific length of time. While premeditation requires no specific period of time for deliberation, some amount of time must pass between the formation of the intent and the carrying out of the act. A premeditated decision to kill may be reached in a short period of time. However, an unconsidered or rash impulse, even though it includes an intent to kill, is not premeditated.

If the defendant or a conspirator acted with premeditation and with the intent to cause the death of a person other than the deceased, the elements of premeditation and intent to kill are satisfied and may be transferred to another person, even if the defendant or a conspirator did not intend to kill the other person. This concept is known as "transferred intent."

In determining whether or not an act is a substantial step toward the commission of the crime, you must distinguish between preparation for and actually beginning to commit the criminal act. The phrase "more than preparation for" excludes substantial steps that occur beforehand to make ready for the intended offense. Preparation, which may consist of planning the offense or of obtaining or arranging the means for its commission, is not sufficient to constitute a substantial step toward the commission of the crime. An act by a person who intends to commit a crime is an attempt if the act tends

directly to accomplish the crime. The act itself need not be criminal in nature and need not be such that, if not interrupted, it must result in the commission of the crime.

In order to prove a substantial step toward the commission of the crime, the government is not required to prove that a substantial step occurred at the time and place of the intended crime.

**Racketeering Activity: Aggravated Robbery**

The underlying racketeering act of aggravated robbery in violation of Minnesota law has five elements:

*One*, the defendant or a conspirator took personal property from the person of or in the presence of a victim;

*Two*, the defendant or a conspirator knew or believed he was not entitled to the property;

*Three*, the defendant or a conspirator used force or the threat of imminent force against a victim to overcome resistance to or overcome the power of resistance to or compel acquiescence in the taking or carrying away of the property;

*Four*, the defendant or a conspirator was armed with a dangerous weapon or was armed with any article used or fashioned in a manner to lead the victim to reasonably believe the article to be a dangerous weapon or inflicted bodily harm on the victim; and

*Five*, the defendant's or a conspirator's act took place in the State and District of Minnesota.

**<u>Aiding and Abetting under Minnesota Law</u>**

A defendant or a conspirator is guilty of the crimes listed above committed by another person if the defendant or a conspirator played an intentional role in aiding the commission of that crime and made no reasonable effort to prevent the crime before it was committed. "Intentional role" includes intentionally aiding, advising, hiring, counseling, conspiring with, or procuring another person to commit the crime.

A defendant's or a conspirator's presence or actions constitute intentionally aiding only if:

*First*, the defendant or a conspirator knew that another person was going to commit or was committing a crime; and

*Second*, the defendant or a conspirator intended that his presence or actions aid the commission of that crime.

The defendant or a conspirator is guilty of the crimes listed above, only if the other person commits that crime.

The defendant or a conspirator is not guilty of the crimes listed above, unless that crime is actually committed.

The government has the burden of proving beyond a reasonable doubt that a defendant or a conspirator intentionally aided another person in committing the crimes listed above under Minnesota law.

**<u>Racketeering Activity: Distribution of a Controlled Substance</u>**

The elements of the underlying racketeering act of distributing controlled substances in violation of federal law has two elements:

*One*, the defendant or a conspirator intentionally transferred one or more controlled substances; and

*Two*, at the time of the transfer, the defendant or a conspirator knew that it was a controlled substance.

It is not necessary for the government to prove that the defendant or a conspirator knew the precise nature of the controlled substance that was agreed to be distributed or was distributed. The government must prove beyond a reasonable doubt, however, that the defendant or a conspirator did know that some type of controlled substance was agreed to be distributed or was distributed.

**<u>Racketeering Activity: Conspiracy to Distribute a Controlled Substance</u>**

The elements of the underlying racketeering act of conspiracy to distribute controlled substances in violation of federal law has three elements:

*One*, two or more persons reached an agreement or came to an understanding to distribute controlled substances;

*Two*, the defendant or a conspirator voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; and

*Three*, at the time the defendant or a conspirator joined in the agreement or understanding, he knew the purpose of the agreement or understanding.

You are instructed, as a matter of law, that fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), methamphetamine, cocaine, oxycodone, and marijuana are controlled substances under federal law.

**JURY INSTRUCTION NO. 27**

Association and Expression Do Not Constitute Racketeering Activity

In this trial, evidence has been introduced of the defendants engaging in expressive activities, such as rap videos or threats, and associative activities, such as attending memorials. Such activities, without more, do not themselves constitute criminal racketeering activity.

## JURY INSTRUCTION NO. 28

First Degree Murder as Part of RICO Conspiracy

If, and only if, you find Defendants Giles and/or Taylor guilty of RICO Conspiracy, then you will be asked to proceed in the Special Verdict Form to determine whether Giles and/or Taylor committed murder in the first degree under Minnesota law as part of the RICO Conspiracy.

Whether Giles committed murder in the first degree in violation of Minnesota law as part of the RICO Conspiracy has six elements:

*One*, the death of Darien Berry.

*Two*, the defendant caused the death of Darien Berry.

*Three*, the defendant acted with the intent to kill Darien Berry.

*Four*, the defendant acted with premeditation.

*Five*, the defendant's acts took place on or about September 9, 2021, in the State and District of Minnesota.

*Six*, the defendant's acts were done as part of the RICO Conspiracy.

Whether Taylor committed murder in the first degree in violation of Minnesota law as part of the RICO Conspiracy has six elements:

*One*, the death of Harvey Williams.

*Two*, the defendant caused the death of Harvey Williams.

*Three*, the defendant acted with the intent to kill Harvey Williams.

*Four*, the defendant acted with premeditation.

*Five*, the defendant's acts took place on or about September 14, 2021, in the State and District of Minnesota.

*Six*, the defendant's acts were done as part of the RICO Conspiracy.

The phrases "to cause," "intent to kill," and "premeditation" have the meaning described in the "RICO—Pattern of Racketeering" Jury Instruction.

A defendant is guilty of the crime of murder in the first degree under Minnesota law as part of the RICO Conspiracy committed by another person if the defendant played an intentional role in aiding the commission of that crime and made no reasonable effort to prevent the crime before it was committed. "Intentional role" includes intentionally aiding, advising, hiring, counseling, conspiring with, or procuring another person to commit the crime.

A defendant's presence or actions constitute intentionally aiding only if:

*First*, the defendant knew that another person was going to commit or was committing a crime; and

*Second*, the defendant intended that his presence or actions aid the commission of that crime.

The defendant is guilty of the crime of murder in the first degree under Minnesota law as part of the RICO Conspiracy only if the other person commits that crime. The defendant is not guilty for intentionally aiding the commission of the crime of murder in

the first degree under Minnesota law as part of the RICO Conspiracy unless that crime is actually committed.

The government has the burden of proving beyond a reasonable doubt that a defendant intentionally aided another person in committing the crime of murder in the first degree.

For you to find a defendant guilty of murder in the first degree in violation of Minnesota law as part of the RICO Conspiracy, the government must prove all of these elements beyond a reasonable doubt as to that defendant; otherwise you must find that particular defendant not guilty of that crime in the Special Verdict Form.

**JURY INSTRUCTION NO. 29**

Conspiracy to Distribute Fentanyl as Part of RICO Conspiracy

If, and only if, you find Defendants Taylor, Robinson, Banks, and/or Brown guilty of RICO Conspiracy, then you will be asked to proceed in the Special Verdict Form to determine whether Taylor, Robinson, Banks, and/or Brown conspired to knowingly and intentionally distribute or possess with the intent to distribute certain amounts of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), as part of the RICO Conspiracy.

Conspiracy to distribute fentanyl as part of the RICO Conspiracy, has four elements, which are:

*One*, within the date range of the RICO Conspiracy, two or more persons reached an agreement or came to an understanding to distribute either less than 400 grams but at least 40 grams of a mixture or substance containing a detectable amount of fentanyl, or to distribute at least 400 grams of a mixture or substance containing a detectable amount of fentanyl;

*Two*, the defendant voluntarily and intentionally joined the agreement or understanding, either at the time it was first reached or at some time later while it was still in effect;

*Three*, at the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding; and

*Four*, that the defendant joined in the agreement or understanding as part of the RICO Conspiracy.

You are instructed that fentanyl is a controlled substance under federal law.

**JURY INSTRUCTION NO. <u>30</u>**

<u>Conspiracy to Distribute Controlled Substances — Defined</u>

The crime of conspiracy to distribute controlled substances, as charged in the Indictment, has three elements, which are:

*One*, beginning on or about August 1, 2015 and continuing through on or about April 26, 2023, two or more persons reached an agreement or came to an understanding to distribute fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), cocaine, MDMA (methylenedioxymethamphetamine), oxycodone, and marijuana;

*Two*, the defendant voluntarily and intentionally joined the agreement or understanding, either at the time it was first reached or at some time later while it was still in effect; and

*Three*, at the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding.

You are instructed that fentanyl, cocaine, MDMA, oxycodone, and marijuana are controlled substances under federal law.

If you find these three elements unanimously and beyond a reasonable doubt, then you must find the defendant guilty of the crime of conspiracy to distribute a controlled substance, as charged in the Indictment.

**JURY INSTRUCTION NO. 31**

Conspiracy to Distribute Controlled Substances — Amount of Fentanyl

If, and only if, you find Defendants Taylor, Robinson, Banks, and/or Brown guilty of Conspiracy to Distribute Controlled Substances, then you must proceed to determine the quantity of any mixture or substance containing fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide) that was involved in the conspiracy. The Special Verdict Form lists various amounts of fentanyl you must unanimously find were involved in the conspiracy, ranging from: less than 40 grams of a mixture or substance containing a detectable amount of fentanyl, to 400 grams or more of a mixture or substance containing a detectable amount of fentanyl. Check the quantity of fentanyl which you unanimously agree was involved in the offense. If you agree that the offense involved some quantity of fentanyl, but are unable to agree on the amount, check the entry for the lowest drug quantity.

You are instructed that the quantity of fentanyl involved in the agreement or understanding includes fentanyl that the defendant possessed for personal use, distributed, or agreed to distribute. The quantity also includes fentanyl fellow conspirators distributed or agreed to distribute, if you find that those distributions or agreements to distribute were a necessary or natural consequence of the agreement or understanding and were reasonably foreseeable by the defendant.

## JURY INSTRUCTION NO. 32

Multiple Conspiracies

The government has charged two separate conspiracies in this case. It has charged all Defendants with one count of RICO Conspiracy. It has charged Taylor, Robinson, Banks, and Brown with one count of Conspiracy to Distribute Controlled Substances.

For each particular count, the government must prove beyond a reasonable doubt that each defendant was a member of the particular conspiracy as charged in that count. If the government fails to prove this as to a defendant, then you must find that defendant not guilty of the particular conspiracy charged in that count, even if you find that he was a member of some other conspiracy. Proof that a defendant was a member of some other conspiracy not charged in the particular conspiracy in that count is not enough to convict on that count.

But proof that a defendant was a member of some other conspiracy would not prevent you from returning a guilty verdict, if the government proved that the defendant was also a member of the particular conspiracy as charged in that count.

**JURY INSTRUCTION NO. 33**

Possession of a Firearm in Furtherance of a Drug Trafficking Offense — Defined

The crime of possessing a firearm in furtherance of a drug trafficking crime as charged against Robinson and Taylor in the Indictment has two elements:

*One*, the defendant committed the crime of conspiracy to distribute controlled substances; and

*Two*, the defendant knowingly possessed a firearm in furtherance of that crime.

The phrase "in furtherance of" means furthering, advancing, or helping forward. This means the government must prove that the defendant possessed the firearm with the intent that it advance, assist or help commit the crime, but the government need not prove that the firearm actually did so.

**JURY INSTRUCTION NO. 34**

Distribution — Defined

The term "distribute," as used in these instructions, means to deliver or to transfer possession or control of something from one person to another.

The phrase "with intent to distribute" means to have in mind or to plan in some way to deliver or to transfer possession or control over a thing to someone else.

In attempting to determine a person's "intent to distribute" fentanyl, methamphetamine, cocaine, oxycodone, or marijuana, you may consider, among other things, the quantity of the controlled substance, the presence of equipment used in the processing or sale of controlled substances, and large amounts of cash or weapons.

**JURY INSTRUCTION NO. 35**

Possession — Defined

The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may have sole or joint possession.

A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.

Whenever the word "possession" has been used in these instructions it includes actual as well as constructive possession and also sole as well as joint possession.

**JURY INSTRUCTION NO. 36**

Proof of Intent or Knowledge

Intent or knowledge may be proved like anything else. You may consider any statements made and acts done by a defendant, and all the facts and circumstances in evidence which may aid in a determination of a defendant's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

**JURY INSTRUCTION NO. 37**

Give Each Defendant Separate Consideration

It is your duty to give separate and personal consideration to the case of each defendant. When you do so, you should analyze what the evidence in the case shows with respect to that defendant leaving out of consideration entirely any evidence admitted solely against some other defendant or defendants.

Each defendant is entitled to have his case determined from evidence as to his own acts, statements, and conduct and any other evidence in the case which may be applicable to him.

The fact that you return a verdict of guilty or not guilty to one defendant should not, in any way, affect your verdict regarding any other defendant.

**JURY INSTRUCTION NO. 38**

Election of Foreperson; Duty to Deliberate; Punishment Not a Factor; Communications with Court, Cautionary; Verdict Form

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I will list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict—whether guilty or not guilty—must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if the defendant is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the government has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone—including me—how your votes stand numerically.

*Fifth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict whether guilty or not guilty must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

If more than one form was furnished, you will bring the unused forms in with you.