UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
23-CR-160 (10)( NEB/JFD)

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Trevaun Robinson,<br>Josiah Taylor,<br>William Banks,<br>Gregory Brown, and<br>Tyreese Giles,<br><br>Defendants. | **DEFENDANTS' RENEWED MOTIONS FOR JUDGMENTS OF ACQUITTAL** |

The above named Defendants, through and by their lawyers, and in accordance with Rule 29 (a), (b), and (c)(1) and (2), Fed.R.Crim.P., hereby renew their respective Motions for Judgment of Acquittal. This Court reserved ruling. Our grounds are these:

1. On June 5, 2025, the jury returned favorable verdicts for these defendants, save Mr. Giles. Mr. Robinson was acquitted of Counts 3 and 6 (conspiracy to distribute and use of firearm to so facilitate); his exposure to a mandatory minimum sentence (of fifteen years total) evaporated. His verdict was significant in a related respect. While the jury found guilt on Count 1, the RICO charge, the twelve answered "No" to the question of whether Mr. Robinson

conspired to distribute "at least 400 grams of a mixture of a substance" containing fentanyl. And "No" to the question of whether he was responsible for at least 40 grams but less than 400. Thus the level of Mr. Robinson's RICO drug involvement was found to be less than 40 grams, less than two ounces, and not enough pills to even buy a gun. He may have been convicted of having a single pill to support his addiction. See Def. Exh. DD 6.

2. For his part, Mr. Taylor was found not guilty of the RICO count and first degree murder, yet guilty of the drug conspiracy and guilty of possessing a firearm in furtherance, for which there is no finding of quantity. Counts 3 and 7. This Court now must assume, consistent with the verdict, that Taylor was convicted of an amount less than 40 grams. Or, again, a single pill.

3. Mr. Banks was found Guilty of RICO. His culpability for the conspiracy to possession and distribute Fentanyl was also less than 40 grams, if that, for the Court's instructions did not require the jury find for an even lesser amount. Nor was a quantity checked by the jury's verdict with respect to the straight conspiracy count, even though he was found guilty of that crime. Count 3.

4. Mr. Brown, the alleged Arizona source of the fentanyl for the "Highs," was found not guilty of conspiracy to possess and distribute a controlled substance. He was found guilty of RICO; for the quantum of drugs possessed or distributed,

the jury again answered "No" to any quantity greater than 40 grams. Thus his culpability, like that of the others, could well be a fraction of an ounce. Mr. Brown was not charged with a gun count.

5. Mr. Giles was convicted of RICO and its murder enhancement. Count 1.

6. The standard for reviewing our motion is far from impossible given our verdict. At the close of the case, the facts and inferences were to be construed in the Government's favor. "A motion of judgment of acquittal should be granted only if there is no interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt." United States v. Bossen, 491 F.3rd 852, 8555 (8th Cir. 2007)(quoting United States v. Cacioppo, 460 F.3d 1012, 1021 (8th Cir. 2006)). On the one hand, this Court is to resolve all reasonable inferences in favor of the jury's verdict. Id. But on the other, this Court must "enter a judgment of acquittal if the evidence presented at trial is insufficient to sustain a conviction." Id. (citing (Rule 29(a) and United States v. Water, 413 F.3d 812, 816 (8th Cir. 2005)).

Provident it was for this Court to reserve ruling and await our request for a revisit. Rule 29 (b). Post verdict, the analysis changes here. Our jury rejected the Government's allegations of drug quantity for these defendants, and acquitted Taylor of RICO and the attendant murder in the first degree charge. Thus the

inferences supporting drug possession and distribution above 40 grams, coupled with Taylor's RICO murder charge, are no longer available to the Court. What is left for four of the defendants is a small sum of Fentanyl, if a sum at all.

7. The Government's oft-stated theory of RICO culpability was that the sale of drugs was the economic engine of the "Highs." In light of the verdict, that theory is untenable. There was no hard evidence, from either a customer or a source, that Mr. Robinson was in the business of dealing on behalf of the "Highs," so that its "members" could, in turn, buy guns to enforce a pronounced territorial prowess.

For the other defendants, the actual purchase of guns from drug proceeds was not even anecdotally proven. Videos of Mr. Banks purportedly selling narcotics and the remnants of the search of his apartment did not convince the jury that he was a selling of anything more than a pill or two. The gun found inside the nearby Boost Mobile cell phone store could not be linked to him. For Mr. Brown, the jury rejected the Government's theory that he himself instructed fellow conspirators to head over to post offices in Arizona and send packages with thousands of pills back to Minneapolis. And the status of the evidence of Taylor is that he sold Percocet outside the High's alleged territory. His Section 924 gun charge was related to the pills found in the white van sandwiched against a warehouse when he was arrested, and not to any killing. Note that no evidence of

a match was offered to link the gun discovered to the shooting death occurring near I 94.

In sum, the evidence was lacking that specific sales of drugs lead to specific guns. Inferences are only inferences when there are no facts upon which to draw. Given the quantities the jury found, there was no evidence that the proceeds of sales were enough to generate significant cash anyway, to buy those unidentified guns to shoot at the Lows. Not one firearms transaction, official or illicit, was demonstrated during the Government's slide show.

8. Proof thus rested upon the two cooperating witnesses. Jovan Knight's testimony against the defendants was in the form of a statement of "reputation," an inadmissible opinion discussed in our companion motion for a new trial. Mr. Brown was, in his view, "a respected member." Knight Transcript at p. 21. When asked of Mr. Taylor's reputation, Knight responded, over objection, that Taylor was a "shooter." Knight Transcript at pp. 43-44. Giles' "reputation" was, said Knight, "Shit, a shooter, but I don't know, you know." Knight Transcript at p. 46. And Mr. Robinson's "reputation" was, over objection, was "Shit, got money and shooter as necessary." Id. at 49.

But the "reputation" evidence was second hand. Here, for example, is Knight on cross by Robinson:

Q. Now with respect to Mr. Robinson himself, you saw him in the neighborhood?

A. Yeah.

Q. He hung out at Broadway, Lyndale, right?

A. Yeah.

Q. Okay. You never sold him anything.

A. Nah.

Q. He never sold you anything.

A. Nah.

Q. And when you say he has a reputation for certain things, you just heard that from the street, right?

A. Yeah.

Knight Transcript at p. 190. No evidence exists that what Knight heard on the street came from anyone indicted, or was a co-conspirator statement, per Rule 801(d)(2)(E), Fed.R.Evid.

Moreover, Mr. Knight's testimony undercut the Government's theory of collective RICO enterprise. Here he is under cross by Giles' counsel, Mr. Rivers:

Q. And that I think you said something along the lines that FreeShotz don't answer to nobody or something like that, right?

A. Yea.

Q. And that's the same for all the different gangs for cliques within that area right?

A. Yes.

Q. And so they are all independently run, you know. They all do their own thing without really any common purpose for the Highs, right?

A. Yeah.

Knight Transcript at p. 202.

9. Avante Nix said Mr. Robinson was a member of the YNT gang, Nix Transcript at p. 39, that he hung out with on the block, and that he did a "decent amount," of drug transactions. Id. Testimony the jury did not accept with respect to the Robinson RICO drug quantity.

The Nix testimony with respect to Mr. Brown's "selling pills," Id. at p. 35, e.g., "50,000," was also not credited. Id. at p. 62. Nor were the suggested illicit flights to and from Arizona. Id. at 64. Nix's testimony that Taylor had confessed to the Harvey Williams murder – telling Nix that he, Taylor, had "followed him and pulled on the side [of] him and shot him" – was likewise not considered as proof by the jury. Id. at 103.

Nix had nothing of substance to say about Banks.

Dated: June 17, 2025

Respectfully submitted,

*/s/ Paul Engh*
Paul Engh
Suite 2860
150 South Fifth Street
Minneapolis, MN 55402
612.252.1100

Lawyer for Mr. Robinson
and joined by counsel for Mr.
Taylor, Mr. Banks, Mr.
Brown and Mr. Giles