UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
23-CR-160 (10)( NEB/JFD)

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANTS' MOTION FOR NEW TRIAL** |
| Trevaun Robinson, | ) | |
| Josiah Taylor, | ) | |
| William Banks, | ) | |
| Gregory Brown, and | ) | |
| Tyreese Giles, | ) | |
| | ) | |
| Defendants. | ) | |

The above named Defendants, through and by their lawyers, and in accordance with Rule 33(a), Fed.R.Crim.P., (b), and (c)(1) and (2), Fed.R.Crim.P., move the Court for a new trial. Our grounds are these:

1. We incorporate by reference the motions made at the conclusion of the government's case, namely the selective prosecution and Batson challenges. As well as severance and Robinson's motion for a mistrial with respect to the shooting incident that the Merwin's parking lot.

2. This additional motion concerns the Government's created error. Jovan Knight's testimony against the several defendants was in the form of a statement of

"reputation," an inadmissible opinion also discussed in our companion motion for judgment of acquittal. Said Mr. Knight, Mr. Brown had a reputation for being "a respected member," Knight Transcript at p. 21, i.e., "he was selling pills." Id. at 35. When asked of Mr. Taylor's reputation, Knight responded, over "hearsay" objection, that Taylor was a "shooter." Knight Transcript at pp. 45-46. Giles' "reputation" was, over objection as "improper character evidence," was "Shit, a shooter, but I don't know, you know." Knight Transcript at p. 46. And Mr. Robinson's "reputation," over an "improper opinion" objection, was "Shit, got money and shooter as necessary." Id. at 49.

Mr. Knight's "reputation" evidence was formed second hand, hearsay obtained from somewhere on the street. Knight transcript at p. 190. No specific source was identified. Without pause, all of the objections were overruled.

3. None of the defendants testified. Rule 404(a)(1), Fed.R.Evid., bars the use of a defendant's "character trait . . . to prove that on a particular occasion the person acted in accordance with the character or trait." (Emphasis added). Rule 405 suggests that if that trait is admissible, it may be proven by a "person's reputation or by testimony in the form of an opinion."

4. But our case didn't feature the notable exceptions to the bar against character evidence. For example, in an extortion prosecution, a specific statute

permits evidence that the defendant "had a reputation for use of extortionate means." United States v. Dennis, 625 F.2d 782, 800 (8th Cir. 1980)(citing 18 U.S.C. 892(b) since revised). Or where the defendant commonly claims, in a self-defense case, that the victim's reputation caused him to act the way he did. See generally United States v. Milk, 447 F.3d 593, 600 (8th Cir. 2006)(permitting the "victim's reputation for aggression and violence"); United States v. Waloke, 962 F.2d 824, 829-30 (8th Cir. 1992)(same).

5. By identifying Mr. Robinson and Mr. Taylor and Mr. Giles as shooters by reputation, the Government introduced reversible error, so holds the Eighth Circuit. Evidence of a "reputation" for what has been described as an "institutional criminality," is considered "inherently and unfairly prejudicial" because it "deflects the jury's attention from the immediate charges and causes it to prejudge a person with a disreputable past, thereby denying that person a fair opportunity to defend against the offense that is charged." United States v. Street, 548 F.3d 618, 632 (8th Cir. 2008) (quoting United States v. Roark, 924 F.2d 1426, 1434 (8th Cir. 1991)). At the very least, a Rule 403 analysis is required; none was considered. Street, 548 F.3d at 633 (noting prejudice and relevance factors to admissibility). Adverse reputation evidence is considered evidence of "criminal propensity" and

thus, according to the late Judge Murphy, after whom our Courthouse is named, is admitted in error. Street, supra.

The "shooter" designation contributed to the jury's verdict for Giles' murder conviction (accomplished with, of course, a gun, which is what a shooter uses), Taylor's possession of a gun and his conviction (Count 7), and Robinson's RICO conviction, a general verdict, which rested upon the incident at Merwin's Liquor, where shots were fired at non-gang members in the parking lot, an instance of violence the Grand Jury did not charge, yet confirming his erroneously admitted propensity. Mr. Brown's reputation for "selling pills" contributed to his RICO conviction.

6. Our claim of error is not centered upon evidence of gang membership, which is admissible. Compare United States v. Payne-Owens, 845 F.3d 868, 872 (8th Cir. 2017); United States v. Gaines, 859 F.3d 1128, 1131-1132 (8th Cir. 2017). Our claim, rather, is that the opinion evidence was offered to prove a violent persona. The Government's efforts to elicit a shooting reputation evidence was far from "fleeting," thereby accentuating the prejudice. Compare Payne-Owens, 845 F.3d at 872. The Government's questions as to the Defendants' perverse reputation were repeatedly intentional.

Dated: June 17, 2025

Respectfully submitted,

*<u>/s/ Paul Engh</u>*
Paul Engh
Suite 2860
150 South Fifth Street
Minneapolis, MN 55402
612.252.1100

Lawyer for Mr. Robinson
and joined by counsel for Mr.
Taylor, Mr. Banks, Mr.
Brown and Mr. Giles