UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 23-160 (NEB/JFD)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TYREESE GILES (6),<br><br>JOSIAH TAYLOR (7),<br><br>TREVAUN ROBINSON (10),<br><br>WILLIAM BANKS (19),<br><br>GREGORY BROWN (26),<br><br>Defendants. | **GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTIONS FOR ACQUITTAL** |

The United States of America by and through its attorneys, Joseph H. Thompson, Acting United States Attorney for the District of Minnesota, and Assistant United States Attorneys Thomas Calhoun-Lopez and Carla J. Baumel, and David L. Jaffe, Chief of the Violent Crime and Racketeering Section of the Department of Justice, and Trial Attorneys Brian W. Lynch and Alyssa Levey-Weinstein, responds as follows to the defendants' motion for judgments of acquittal (ECF No. 2094). The United States opposes the defendants' motion.

## BACKGROUND

On June 5, 2025, a jury convicted Tyreese Giles, Trevaun Robinson, William Banks, and Gregory Brown of RICO Conspiracy. (ECF No. 2067 at 1, 8, 13, 15, 17.) The jury convicted Josiah Taylor of Conspiring to Distribute Controlled Substances and Possessing a Firearm in Furtherance of Drug Trafficking and convicted William Banks of Conspiracy to Distribute Controlled Substances as well. (*Id.* at 5, 7.) Taylor was acquitted of the charge of RICO Conspiracy; Robinson was acquitted of Conspiring to Distribute Controlled Substances and Possessing a Firearm in Furtherance of Drug Trafficking; Brown was acquitted of Conspiring to Distribute Controlled Substances. (*Id.* at 2, 10, 12, 19.)

The defendants now renew their motions for acquittal, first made at the close of the government's case. (ECF No. 2094.)

## ARGUMENT

A motion for a judgment of acquittal should be granted only if the "evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). This standard "is very strict, and the jury's verdict is not to be lightly overturned." *United States v. Wright*, 993 F.3d 1054, 1065 (8th Cir. 2021). Evidence must be viewed "in the light most favorable to the government, resolving conflicts in the government's favor, and accepting all reasonable inferences that support the verdict." *United States v. Parsons*, 946 F.3d 1011, 1013–14 (8th Cir. 2020)

(emphasis omitted) (quotation omitted). "Reversal is warranted only when *no* reasonable jury could find all the elements" beyond a reasonable doubt. *Id.* at 1014 (emphasis added).

The defendants' motion cannot survive this strict standard. The jury found that Giles, Robinson, Banks, and Brown had engaged in a RICO conspiracy; that Brown and Taylor had conspired to distribute controlled substances; and that Taylor had possessed a firearm in furtherance of drug trafficking. (ECF No. 2094.) The defendants' motion is predicated on the idea that the jury had "rejected the government's theory" regarding the defendants' culpability. (Det. Mot. 4.) But a jury's failing to convict on all counts—or find all aggravating factors—is not a basis to overturn the jury's verdict. The jury was entitled to believe that:

- Giles had engaged in a RICO conspiracy and that as part of the conspiracy committed first-degree murder, based on the evidence of the murder of Darien Berry, his social media corroborating his association with the Highs, and the testimony of cooperating defendants;



Gov't Ex. P-5A, Giles shooting at Darien Berry.

- Taylor had conspired to distribute oxycodone and had possessed a firearm in furtherance of that crime based on his simultaneous possession of oxycodone and a firearm in his vehicle after he attempted to flee from police officers (to say nothing of his possession of oxycodone flying from Las Vegas to Minnesota);





Left: Gov't Ex. OO-2, Taylor's oxycodone
Right: Gov't Ex. OO-1, Taylor's firearm

- Robinson had engaged in RICO conspiracy based on his history of involvement in shootings, his social media corroborating his association with the Highs, and the testimony of cooperating defendants;



Gov't Ex. UU-14, Giles shooting into an occupied vehicle at Merwin Liquors in Highs territory

- Banks had engaged in RICO conspiracy and conspired to distribute controlled substances, based on seizures of fentanyl and marijuana from vehicles, his admissions that he had sold marijuana, eyewitness testimony of hand-to-hand sales, his social media, and the testimony of cooperating defendants; and




Left: Gov't Ex. QQ-3, surveillance of a man buying fentanyl pills from Banks in his vehicle
Right: Gov't Ex. QQ-6, fentanyl seized from Banks's vehicle following hand-to-hand sales

- Brown had engaged in RICO conspiracy based on evidence that packages of fentanyl were delivered to a property over which Brown had control, his unexplained wealth, his social media and boasts in rap videos, and the testimony of cooperating defendants.





Left: Gov't Ex. N-1, Brown's "Not from the Lows" video
Right: Gov't Ex. A-218, Brown flaunting his wealth (redacted)

The fact that the jury did not find that all aggravating factors applied does not mean that their verdicts are null and void.

The defendants argue that the cooperating defendants' testimony should be disregarded. (Def. Mot. 5–7.) This argument fails under the standard under which this motion is viewed. *All* evidence—including the testimony of cooperating defendants—must be viewed "in the light most favorable to the government, resolving conflicts in the government's favor, and accepting all reasonable inferences that support the verdict." *United States v. Parsons*, 946 F.3d at 1013–14. The cooperating defendants' testimony must be fully credited in reviewing the jury's verdict. This testimony alone is sufficient to sustain the convictions.

## CONCLUSION

For the foregoing reasons, the defendants' motion should be denied entirely.

Dated: July 9, 2025

Respectfully Submitted,

JOSEPH H. THOMPSON
Acting United States Attorney

BY: *s/ Thomas Calhoun-Lopez*
CARLA J. BAUMEL
THOMAS CALHOUN-LOPEZ
Assistant United States Attorneys

ALYSSA LEVEY-WEINSTEIN
BRIAN W. LYNCH
Trial Attorneys