UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 23-160 (NEB/JFD)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TYREESE GILES (6),<br><br>JOSIAH TAYLOR (7),<br><br>TREVAUN ROBINSON (10),<br><br>WILLIAM BANKS (19),<br><br>GREGORY BROWN (26),<br><br>Defendants. | ) | **GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTIONS FOR NEW TRIAL** |

The United States of America by and through its attorneys, Joseph H. Thompson, Acting United States Attorney for the District of Minnesota, and Assistant United States Attorneys Thomas Calhoun-Lopez and Carla J. Baumel, and David L. Jaffe, Chief of the Violent Crime and Racketeering Section of the Department of Justice, and Trial Attorneys Brian W. Lynch and Alyssa Levey-Weinstein, responds as follows to the defendants' motion for a new trial (ECF No. 2095). The United States opposes the defendants' motion.

The defendants argue that a cooperating defendant's testimony that Brown sold pills and was a "respected member" of the Highs gang, and that Taylor and Knight were "shooters," constitutes improper reputation evidence in violation of Fed. R. Evid. 404. (ECF No. 2095). This argument misapprehends the testimony. The cooperating defendant did not testify as to the defendant's character or character trait; rather he testified about the defendants' roles within the enterprise: that Brown sold drugs and that Taylor and Knight were shooters (consistent with cooperator testimony broadly that different members of the enterprise had different roles). This testimony addressed the defendants' association with the enterprise and did not implicate Rule 404.

Testimony from cooperating defendants about defendants' roles in a criminal organization is admissible. *See United States v. Flax*, 988 F.3d 1068, 1073 (8th Cir. 2021) (upholding a conviction based in part on the testimony of cooperating defendants that Flax was a "shooter" in a gang). *See also United States v. Burdock*, 355 F. App'x 81, 82 (8th Cir. 2009) (upholding conviction in part because for coconspirators testified as to Burdock's "role in the conspiracy").

The defendants rely in their motion upon *United States v. Street*, 548 F.3d 618, 632 (8th Cir.). This reliance is misplaced. Street was charged with involvement in killing in furtherance of a drug trafficking offense; at trial a

law enforcement officer testified about a motorcycle gang known as "El Forasteros" that engaged in "violent and lawless behavior" and the members of which had "degrading attitudes toward women and . . . brutal hazing rituals." *Id.* at 623. Street was "not, nor had he ever been, a member of El Forasteros nor had he ever set foot in the gang's headquarters"; nevertheless the prosecution in closing argued that Street's "casual association" with the gang was sufficient for the code to "rub off" on him. *Id.* at 631. The Eighth Circuit concluded that this testimony about brutality, violence, and degradation within a gang to which Street had no real relationship was "excessive, unduly prejudicial, and in great part completely irrelevant to the charged offenses." *Id.* at 633.

The *Street* case has no bearing on this case. The charge of RICO conspiracy necessarily requires proof that the defendants were associated with an enterprise and intended to participate in the affairs of that enterprise. Eighth Circuit Model Criminal Jury Instructions § 6.18.1962B (2023). Consistent with those elements, the United States elicited testimony as to the roles the defendants held in the criminal enterprise. Unlike *Street*, the evidence was relevant and probative to an element of the offense.

The defendants' motion should therefore be denied.

Dated: July 9, 2025

Respectfully Submitted,

JOSEPH H. THOMPSON
Acting United States Attorney

BY: *s/ Thomas Calhoun-Lopez*
CARLA J. BAUMEL
THOMAS CALHOUN-LOPEZ
Assistant United States Attorneys

ALYSSA LEVEY-WEINSTEIN
BRIAN W. LYNCH
Trial Attorneys