**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

26. GREGORY BROWN,
a.k.a Lil' G,
a.k.a Knowledge,

Defendant.

Case No. 23-cr-160 (NEB/JFD)

**REPLY IN SUPPORT OF MOTION FOR PRELIMINARY ORDER OF FORFEITURE**

## INTRODUCTION

The United States of America respectfully submits this Reply in support of its Motion for Preliminary Order of Forfeiture and in response to Defendant Brown's sealed Objection to Preliminary or Permanent Order of Forfeiture. ECF No. 2768

Brown asserts that the $5,000 in U.S. Currency seized from his safe deposit box was legitimately earned through the sale of French Bulldog puppies rather than from the RICO conspiracy for which he was convicted. This objection should be overruled. Even assuming the currency was proceeds of dog breeding, it would still be subject to forfeiture because the only funds Brown could have plausibly used to start and run his dog breeding business was his RICO proceeds; therefore, the proceeds of that endeavor would be subject to forfeiture as property "derived from" Brown's RICO conspiracy. Regardless, Brown has not shown that the currency is more likely to have come from dog sales rather than directly from his RICO activities. Brown's objection should be denied and the Preliminary Order of Forfeiture should be entered.

## ARGUMENT

Contrary to Brown's assertion, there is no inherent contradiction between SA Schommer's acknowledgement that Brown sold puppies and his conclusion that the funds were traceable to his RICO activities. Starting a dog breeding business requires significant financial investment. The cost of pure-bred dogs capable of breeding is high. And customers spending thousands of dollars on puppies require evidence that the puppies have received veterinary care and have been certified as pure-bred. In addition, the costs of food, kennel space and the like are also significant. Because he lacked legitimate employment, the only plausible source of Brown's funding for this business venture is Brown's proceeds from the RICO conspiracy. As a result, even if he had shown that the seized currency came from his dog-breeding business, the funds would still be subject to forfeiture because the relevant statute requires forfeiture of "any property constituting, <u>or derived from</u>, and proceeds the person obtained directly or indirectly, from racketeering…" 18 U.S.C. § 1963(a)(3); *see United States v. Hawkey*, 148 F.3d 920, 928 (8th Cir. 1998) (property subject to forfeiture as property traceable to the offense includes any appreciation in value since the time the property became subject to forfeiture); *United States v. Hill*, 46 Fed.Appx. 838, 839 (6th Cir. 2002) (following *Hawkey*; stock that appreciates in value is forfeitable as property traceable to the originally forfeitable shares); *United States v. Rudolph,* 152 F.4th 1197, 1238-1239 (10th Cir. 2025) (forfeitable proceeds include all ill-gotten gains; including any appreciation, dividends, or interest derived from assets acquired with fraud proceeds); *United States*

*v. Betancourt,* 422 F.3d 240, 251–252 (5th Cir. 2005) (if drug dealer had no legitimate income, winning lottery ticket is traceable to his drug proceeds).

Brown further argues that the Government's motion is "reliant on rank speculation" and "[t]here is no evidence *these* funds were ill-gained" (emphasis in original). This argument misses the point because, as stated above, his dog breeding money is derived from his RICO proceeds—the dogs do not wash it of its criminal taint. This argument also ignores the trial evidence that Brown received large sums of money, both in cash and through Cash App, from his co-conspirators. Brown points to no evidence that this currency came from his dog-breeding business, and the trial evidence demonstrates that the RICO conspiracy is the most likely source of this cash.[1]

Finally, if the currency is not forfeited as directly forfeitable property, it should be forfeited under the substitute asset provision of 18 U.S.C. § 1963, which provides:

> If any of the property described in subsection (a), as a result of any act or omission of the defendant— (1) cannot be located upon the exercise of due diligence; (2) has been transferred or sold to, or deposited with, a third party; (3) has been placed beyond the jurisdiction of the court; (4) has been substantially diminished in value; or (5) has been commingled with other property which cannot be divided without difficulty; the court shall order the forfeiture of any other property of the defendant up to the value of any property described in paragraphs (1) through (5).

Brown was convicted of a RICO conspiracy. Therefore, he is required to forfeit all proceeds of the enterprise or conspiracy. *E.g., United States v. Hively*, 437 F.3d 752, 763 (8th Cir. 2006) (defendants convicted of racketeering in violation of RICO may be

[1] Trial evidence similarly showed how cash like this provided gang members with a source of influence in the gang.

made to forfeit all proceeds of the enterprise or conspiracy, including proceeds arising from specific predicate acts of which they were acquitted). At trial, the government demonstrated that Brown obtained far more than $5,000 from the RICO conspiracy. Trial Exhibit A-224 alone shows that Gregory Brown and his LLC received cash deposits exceeding $64,000 between December 13, 2021 and October 17, 2022. In addition, Trial Exhibits A-95M, A-95AE, A-172, M-5, HH-2, and RR-3 also provide evidence of money obtained during the RICO conspiracy. Although United States has only been able to seize $5,000 from Brown, evidence shows that he obtained far more than that sum through his participation in the RICO conspiracy. Because Brown's acts and omissions made those funds unavailable for forfeiture, the seized currency should be forfeited as a substitute asset if it is not found to be directly forfeitable.

## III. CONCLUSION

For the foregoing reasons, the United States requests this Court deny Brown's objections and enter the requested Preliminary Order of Forfeiture.

Respectfully submitted,

Dated: 5/8/2026

DANIEL N. ROSEN
United States Attorney

*s/Craig Baune*
BY: CRAIG R. BAUNE
Assistant U.S. Attorney
Attorney ID No. 331727
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
612-664-5600
Craig.baune@usdoj.gov