UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 23-160 (NEB/JFD)

---

UNITED STATES OF AMERICA

Plaintiff,

v.

GREGORY BROWN

Defendant.

DEFENDANT GREGORY BROWN'S SECOND SENTENCING MEMOR-ANDUM AND MOTION FOR DOWNWARD VARIANCE

---

Defendant Gregory Brown, by and through counsel, Daniel Adkins, respectfully moves this Court for a downward variance from the advisory Sentencing Guideline range pursuant to 18 U.S.C. § 3553(a). Specifically, Mr. Brown requests that this Court impose a sentence that reflects a credit or consideration for the 365 days he has already served in state custody. This period of time occurred from October 28, 2023 until the following October, while Defendant Brown was under indictment on this matter, and ordered detained, while simultaneously held pursuant to a Minnesota Department of Corrections hold on unrelated conduct. That period of time was just, as of May 9, 2026, deemed revoked as a consequence for **this** matter, for Defendant Brown being indicted while on Conditional Release for the original felony DUI sentence.

This motion is in addition to, and a supplement to, the Defendant's Initial Position on Sentencing Factors.

I. BACKGROUND AND STATE CUSTODY

Mr. Brown has been held in Minnesota DOC custody as well as federal custody while his federal charge has been pending. He was held pursuant to a pretrial detention order, jury trial and pending sentence.

After he was transported from Houston, Texas to Minnesota as a result of a pending detainer for his felony DUI, his indictment in the present case was unsealed. At that time, it may have been most efficient and logical to hold a violation hearing on the DUI matter, and determine what, if any, time would be revoked from that sentence, which is five years in length, and began running contemporaneously with 'parole' when Mr. Brown was initially released from prison in 2021. However, Mr. Brown was nearly immediately transferred to the Sherburne County Adult Detention Center in November of 2023, where he has remained for more than thirty (30) months.

This pending federal charge was one of the bases of violation and Mr. Brown was held in the Sherburne County Jail in federal custody. That violation was resolved last week, with revocation of three hundred sixty-five (365) days, which will now **not** be credited to Defendant Brown on this matter, without a correlative reduction of his guideline sentence calculation, or a variance.

II. LEGAL AUTHORITY FOR VARIANCE

While the Bureau of Prisons (BOP) calculates credit under 18 U.S.C. § 3585(b), that statute generally prohibits double credit if the state already credited that time toward a state sentence. However, the Supreme Court and sentencing guidelines allow the Court to account for this time through a downward variance or departure to ensure a reasonable sentence.

Specifically, under 18 U.S.C. § 3553(a), the Court must impose a sentence that is "sufficient, but not greater than necessary." This standard is known to the Court and addressed in initial sentencing pleadings. However, in this case for Mr. Brown, a sentence that does not account for the significant time he served in state custody while pending this federal charge would be unreasonable total punishment. The fact that a substantial basis for the revocation of that time was

the indictment in this matter means that time will have to be served **twice**, without the requested variance.

III. ARGUMENT

A. The Purpose of Sentencing Requires Credit for State Time

If the federal sentence does not account for the 12 months already served, Mr. Brown will face undue harshness in sentencing and a sentence that is greater than necessary for the purposes of federal sentencing.

B. Application of 18 U.S.C. § 3553(a) Factor Relevant to Custody Credit.

Avoiding Unwarranted Disparity: Failing to recognize Mr. Brown's state time causes disparity between defendants whose cases move quickly and those who wait in state custody for federal prosecution. Here we have had several delays in this multi-codefendant matter, due to the scope of the case, resulting in Mr. Brown having to wait for his trial as well as wait for the resolution of his hold. Likewise, to the extent that other defendants have had a recognition of their state time in their sentence, Mr. Brown deserves the same recognition.

IV. CONCLUSION

Therefore, Mr. Brown respectfully requests this Court grant a downward variance and impose a sentence of forty-seven (47) months, reflecting the time served in state custody as well as the reasons articulated in the Defense's initial memorandum. As far as the jail time is concerned, at base, Mr. Brown waited nineteen (19) months for trial in this matter after indictment. If that entire time is credited or considered in his sentencing, a fair sentencing result would occur.

Respectfully submitted,

**North Star Criminal Defense**

Dated: May 16, 2026

/s/ Daniel S. Adkins________
Daniel S. Adkins (#266085)
1295 Bandana Blvd. N, Suite 335
St. Paul, MN 55108
dan@northstarcriminaldefense.com
Ph.: 651-330-9678

**Attorney for Defendant**